70 P.(2d) 757

## STATE v. HARRIS.

### No. 4286.

Supreme Court of New Mexico.

July 29, 1937.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

ZINN, Justice.

Appellant was tried and convicted of the offense of involuntary manslaughter and sentenced to serve a term in the penitentiary of not less than two nor more than three years. From this judgment and sentence this appeal is prosecuted.

There were no objections taken at the trial to any of the testimony adduced by the prosecution, and no objections were made to any of the instructions given by the trial court, and no instructions were requested by the appellant either contrary to or differing from those instructions given to the jury by the trial court.

Counsel for appellant now ask this court to review the entire record to ascertain whether or not the trial court erred in giving instructions to the jury defining the crime of manslaughter as applied to the facts in this case. The appellant claims the court committed fundamental error in that the court's instructions were not in accord with the appellant's conception of the degree of negligence necessary to constitute the basis of the crime of involuntary manslaughter.

It was the duty of the appellant to point out to the trial court any claimed errors in the administration of justice as they occurred. This would have enabled the judge of the district court to avoid such errors. The failure of the appellant to point out the errors which he now claims were committed by the trial court, and his failure to invoke a ruling by the trial court at the time, is fatal. The purpose of the law is to give an accused a fair trial, not repeated chances for an acquittal. Errors, if any, not in some manner brought to the attention of the trial court, may not be relied on here for reversal. State v. Diaz, 36 N. M. 284, 13 P.(2d) 883, and cases therein cited.

Appellant contends that the trial court committed fundamental error. This contention is based on the claim that the court did not properly instruct the jury on the law of the case, and that the evidence does not show that the appellant was

driving his truck in a reckless, wanton manner in utter disregard for the safety of others. If the record showed that the killing had been caused by mere negligence, not amounting to a reckless, willful and wanton disregard of consequences to others, then there would be no basis for a criminal action.

We agree with the rule enunciated by the Supreme Court of Illinois, that in the case of an accidental death of a . pedestrian struck by an automobile, where the proof is sufficient to establish, beyond a reasonable doubt, that under the circumstances of the injury the conduct of the driver of the machine was so reckless, wanton, and willful as to show an utter disregard for the safety of pedestrians, a conviction for manslaughter will be warranted; but an injury caused by mere negligence, not amounting to a reckless, willful, and wanton disregard of consequences, cannot be made the basis of a criminal action. The Illinois court said: "This court has, in reviewing judgments for manslaughter where death was caused by alleged reckless driving of automobiles, laid down the rule that where the proof is sufficient to establish, beyond a reasonable doubt, that under the circumstances of the injuries the conduct of the drivers of the machines was so reckless, wanton, and willful as to show an utter disregard for the safety of pedestrians, convictions for manslaughter will be warranted. These cases also recognize the rule that an injury caused by mere negligence, not amounting to a reckless, willful, and wanton disregard of consequences to others, cannot be made the basis of a criminal action." People v. Allen, 321 Ill. 11, 20, 151 N.E. 676, 679.

We have read the record and find that there is ample evidence to establish, beyond a reasonable doubt, that under the circumstances of the killing, the conduct of the appellant in driving his truck was so reckless, wanton, and willful as to show an utter disregard for the safety of others. A conviction for manslaughter was warranted. The evidence shows that the actions of the appellant were not mere negligence. The conviction must stand, inasmuch as we find no fundamental error to justify a reversal.

For the reasons given, the judgment and sentence of the district court will stand affirmed.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.