THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IRVING
K. BAXTER, Appellant.

County Court, Oneida County, June 17, 1942.

*Earle C. Bastow, District Attorney,* for the People.

*Irving K. Baxter,* appellant, in person.

HANAGAN, J. This is an appeal from three judgments of the City Court of Utica convicting the defendant of three infractions of the following parking ordinances of the city of Utica, namely: Subdivision 8 of section 30-a of Ordinance 188 of 1940, parking alongside a parking meter without inserting the necessary coin; section 33 of article 4 of Ordinance 441 of 1935, prohibiting double parking; and section 31-b of article 4 of Ordinance 441 of 1935, parking in a " loading zone."

It appears that six informations were filed in the City Court of Utica charging defendant with six separate violations of said parking ordinances; and that a warrant for the arrest of the defendant was issued in each case. The six warrants of arrest were served on the defendant at ten P. M. November 6, 1941, by a police officer of the city of Utica, and defendant was taken into custody thereunder. The warrants were signed by one or more deputy clerks of the City Court of Utica. The defendant objected to his arrest by the officer, stating to the officer that the warrants were illegal

and void and that he could not be lawfully arrested under them. Defendant deposited twelve dollars cash bail and was released from custody. On the following morning, November 7, 1941, defendant was arraigned on the six alleged infractions. The assistant corporation counsel moved to dismiss three of the six charges, which motion was granted by the magistrate. The defendant then moved for his release and discharge on the three remaining charges on the ground that the warrants, under color of authority of which defendant had been taken under custody, were illegal and void in that they were not signed by the magistrate, although each contained a direction in the body thereof that the warrant might be executed on Sunday or in the night time, all in violation of section 170 of the Code of Criminal Procedure. The magistrate denied the motion. Following the trial, defendant was found guilty of the three alleged parking infractions and a fine of two dollars was imposed in each case.

Upon this appeal the appellant raises the question of law that his convictions were invalid because the court never had jurisdiction of his person as a result of the alleged illegal arrest by virtue of alleged illegal warrants.

The three warrants of arrest in question were issued as above stated by one or more deputy clerks of the City Court of Utica. As part of the body of each warrant appeared this statement: " I hereby direct that the foregoing warrant may be executed on Sunday, or in the night time." There was no indorsement on any of the warrants by a magistrate that the arrest could be made on Sunday or in the night time. That the warrants were served in the night time is undisputed.

Section 23 of the Utica City Court Code (Laws of 1934, chap. 62) provides that " * * * chief clerk and deputy clerk * * * shall have the power to take depositions and informations and to issue warrants thereon * * *."

Section 170 of the Code of Criminal Procedure provides that if the crime charged be a misdemeanor " the arrest cannot be made on Sunday, or at night, unless by direction of the magistrate indorsed upon the warrant."

The three offenses charged against the defendant are traffic infractions. Subdivision 29 of section 2 of the Vehicle and Traffic Law provides in part: " Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall

apply to traffic infractions, except however, that no jury trial shall be allowed for trafic infractions."

By virtue of section 23 of the City Court Code, deputy clerks of the City Court of Utica had authority to issue the three warrants in question. The warrants as issued could have been executed in the daytime of any day except Sunday. However, before these warrants could be legally executed in the night time or on Sunday, the mandatory requirements of section 170 of the Code of Criminal Procedure must be complied with, namely, an order or direction of the magistrate indorsed upon the warrant that the arrest by virtue of the warrant be made at night or on Sunday. This discretionary right of the magistrate cannot be delegated to the chief clerk or the deputy clerks of the City Court. Therefore, the officer could not make a legal arrest of the defendant by virtue of the warrants in his hand at ten P. M. November 6, 1941. (*Murphy* v. *Kron*, 20 Abb. N. C. 259.)

However, it does not follow that the subsequent convictions of the defendant must be vacated and set aside. The City Court had jurisdiction of the offenses charged. (Utica City Ct. Code, § 108.) The sufficiency of the informations upon which the warrants were issued has not been questioned. The warrants by which the defendant was detained were valid warrants for execution except in the night time or on Sunday. The City Court of Utica acquired jurisdiction of the person of the defendant when he was brought before the court charged with the infractions, regardless of the legality of the arrest. Under these circumstances the manner of defendant's arrest does not affect the validity of his trial and convictions. (*People* v. *Eberspacher*, 79 Hun, 410; *People ex rel. Lawton* v. *Snell*, 216 N. Y. 527; *People* v. *Iverson*, 46 App. Div. 301; *People* v. *Dileo*, 194 id. 793.)

The judgments of the City Court of Utica are affirmed. Ordered accordingly.