BROWN & ROOT and BELLOWS CONSTRUCTION CO. et al. v. WHEAT et al.

No. 31332. Dec. 14, 1943.

*143 P. 2d 1012.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

Counts & Jones, of McAlester, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding by the Brown & Root and Bellows Construction Company, employer, and its insurance carrier, Standard Accident Insurance Company, hereinafter called petitioners, to review an award made to the respondent, Sam Wheat. On the 27th day of October, 1942, respondent filed his first notice of injury and claim for compensation stating that he sustained an accidental injury on October 1, 1942, while employed as a common laborer. The trial commissioner entered an award for temporary total disability, and on the 13th day of February, 1943, the State Industrial Commission entered its order affirming the award.

The record discloses that respondent, a common laborer for Brown & Root and Bellows Construction Company, was injured at McAlester, Okla., while engaged in one of the projects being carried on for the benefit of the United States Government when some heavy timber that he was carrying was thrown against his body when one of the men dropped the end of the timber while it was being stacked in a lumber yard of the construction company. He reported the accident on Monday after it had happened the previous Thursday, and he was taken in an ambulance to the hospital, where he was treated with an electric machine. This treatment covered a period of about 15 days. He was not working at the date of the submission of the cause to the trial commissioner, and it is his statement together with that of a physician that he is wholly unable to perform any manual labor.

The petitioners make two contentions. It is first argued that there is no competent evidence to sustain the finding of the State Industrial Commission that the work of the respondent was in a hazardous employment covered by 85 O.S. 1941 § 3. We are of the opinion, and hold, that the record reasonably discloses that the respondent was working in the lumber yard of the Brown & Root and Bellows Construction Company, and that the construction work being within the definition of hazardous employment defined by 85 O. S. 1941 § 3, the finding that his employment was hazardous is amply sustained by the record. In fact, we do not believe the petitioners seriously question the fact that respondent's employment with Brown & Root and Bellows Construction Company is within the purview of the Workmen's Compensation Law. The technical position is that respondent did not prove this fact.

374

It is next contended that there is no competent evidence reasonably tending to support the finding that the respondent is totally and temporarily disabled as a result of the accidental injury of October 1, 1942. A competent medical expert witness testified, after reviewing the history of the accidental injury as detailed by the respondent, that in his opinion the respondent was totally disabled, and that the nature of the disability was temporary; that in his opinion such disability was a result of the accidental injury. The cause and extent of the disability arising from an accidental injury are questions of fact, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Employers' Liability Assurance Corp. v. Grant, 147 Okla. 177, 296 P. 389; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988.

The award of the State Industrial Commission is sustained.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.