THE PEOPLE OF THE STATE OF NEW YORK ex rel. KURT MERTIG, Relator, against EDWARD F. JOHNSTON, as Warden of the Penitentiary of Rikers Island, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST ELMHURST, Relator, against EDWARD F. JOHNSTON, as Warden of the Penitentiary of Rikers Island, Defendant.

Supreme Court, Special Term, Bronx County, April 17, 1946.

*Henry H. Klein* for relators.

*Samuel J. Foley, District Attorney (James Delaney* of counsel), for defendant.

SHIENTAG, J. The relators were charged with violation of subdivision 3 of section 2092 of the Penal Law and were tried and convicted in the Court of Special Sessions. The section in question provides as follows: " *Unlawful assemblies.* Whenever three or more persons: * * * 3. Being assembled attempt or threaten any act tending towards a breach of peace, or an injury to person or property, or any unlawful act; Such an assembly is unlawful, and every person participating therein by his presence, aid or instigation, is guilty of a misdemeanor. But this section shall not be so construed as to prevent the peaceable assembling of persons for lawful purposes of protest or petition." (8 Holdsworth on History of English Law, p. 326; 2 Bishop on Criminal Law [9th ed.], § 1257; *People* v. *Most*, 128 N. Y. 108.)

The relators challenge by writ of habeas corpus the lawfulness of their detention. They contend that no crime has been committed and therefore no jurisdiction could have been obtained by the Court of Special Sessions which tried, convicted and sentenced them. This court, cannot, upon a writ of habeas corpus, call witnesses and take evidence to determine whether or not a crime was committed. It is well-settled law in this State that one who is charged with a crime

cannot be released upon a writ of habeas corpus once jurisdiction has been obtained over the person of the accused and the subject matter, i.e., the crime charged. (*People ex rel. Collins* v. *McLaughlin*, 194 N. Y. 556, 557; *People ex rel. Wiener* v. *Barr*, 223 App. Div. 310, affd. 248 N. Y. 601; *People ex rel. Childs* v. *Knott*, 228 N. Y. 608.) It is not the function of the writ of habeas corpus to inquire into the weight of the evidence or any errors of law committed on the trial or, generally speaking, the sufficiency of the indictment or of the information. "A judgment of a tribunal ' competent to render the judgment under some circumstances ' bars from discharge in habeas corpus proceedings a person held by virtue of such judgment." (*People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361, 366; *Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131, 135.) "There may be cases where the crime charged or the facts stated are so clearly beyond the jurisdiction of the court or so manifestly innocent as to justify the resort to habeas corpus." (*People ex rel. Childs* v. *Knott*, 228 N. Y. 608, 609, *supra*). This, however, is not such a case; whether the trial court properly decided that the assembly in which the relators participated was an "unlawful assembly" within the meaning of subdivision 3 of section 2092 of the Penal Law is a matter for review on appeal and not by way of habeas corpus. (*People ex rel. Collins* v. *McLaughlin*, 194 N. Y. 556, *supra*.)

In the Magistrate's Court the relators admitted that they had been present at the meeting held the night before. Thereupon they were included in the information together with another participant who had been arrested at the meeting. All of the defendants waived a hearing before the Magistrate and were held for the Court of Special Sessions. The jurisdiction of the Magistrate's Court over the subject matter was acquired when the information, charging the relators with unlawful assembly, was laid before it. Literally, they were then informed of the crime charged. (*Shappee* v. *Curtis*, 142 App. Div. 155, 157–158; *People* v. *Baxter*, 178 Misc. 625, 627.) The Court of Special Sessions has "exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel." (N. Y. City Crim. Cts. Act, § 31, subd. 1; L. 1910, ch. 659.) That court obtained jurisdiction of the subject matter and person of the relators when the information was filed. (*People* v. *Sellaro*, 178 App. Div. 27, affd. 221 N. Y. 662; *People* v. *Perrin*, 170 App. Div. 375.)

While "the foundation for the jurisdiction of the magistrate" over the subject matter is the information, jurisdiction of the person of the defendant is acquired when he is brought before the court and charged with the offense. (*People* v. *Baxter*, 178 Misc. 625, 627, supra; *People* v. *Portman*, 139 Misc. 544; *People* v. *Bush*, 140 Misc. 59; *People* v. *Williams*, 135 Misc. 564, 565.)

It does not matter if he is arrested illegally (*People* v. *Baxter*, *supra*; *People* v. *Ostrosky*, 95 Misc. 104, 110), or appears voluntarily (*Foster* v. *Smith*, 10 Wend. 377, 379; *People* v. *Yerman*, 138 Misc. 272, 273), or appears in response to a summons instead of a warrant (*People* v. *Hagan*, 138 Misc. 771, 773), or is arrested illegally without a warrant (*People* v. *Eberspacher*, 79 Hun 410; *People* v. *Iverson*, 46 App. Div. 301; *People* v. *Park*, 92 Misc. 369; *People* v. *Dennis*, 132 Misc. 410, 412). Arrest or accusation need not occur at the time of the commission of the crime to give the court jurisdiction. The relators' presence at the meeting was sufficient to charge them with participating in an unlawful assembly (if in fact and law it was "unlawful") whenever and by whatever means they later appeared in court. I find no support for the contention that in order to constitute the crime of unlawful assembly the person charged with having participated therein must be arrested while the assembly is in progress. Arrest before the assembly is dispersed is not an essential element of the crime of unlawful assembly as defined by section 2092 of the Penal Law.

It is my conclusion, therefore, that the Trial Court had jurisdiction of both the subject matter or crime and the persons of the relators, and that relief from any claimed errors of the Trial Court should be sought by application to that court or by appeal. Such relief is not available to the relators on a writ of habeas corpus. (*People ex rel. Marshall* v. *Wilson*, 235 App. Div. 284, 285.) The writs are dismissed and the relators remanded.