**168 P.2d 850**

**STATE v. WILLIAMS.**

No. 4936.

Supreme Court of New Mexico.

April 23, 1946.

Otto Smith, of Clovis, for appellant.

C. C. McCulloh, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

Appellant was tried and convicted of operating a motor vehicle upon the highways of New Mexico while under the influence of intoxicating liquors and sentenced to serve a term of five months in the common jail of Curry County and to pay a fine of One Hundred and Fifty Dollars. In addition to the sentence and fine imposed by

the trial court, it ordered that his driver's license be taken up for a period of one year, and it is from this part of the judgment that this appeal is prosecuted.

It is urged by appellant that that part of the judgment deprives him of his liberty and property without due process of law in violation of Article II, Section 18 of the State Constitution; and, further, that the lower court was without authority to direct the defendant to surrender his license for the period specified therein.

■ There were no objections or exceptions taken at the time the judgment was rendered to that part now complained of, and the record does not disclose whether or not the trial court ever heard, considered or ruled upon these questions, hence they are not here for consideration.

■ There is no rule more firmly established by our law than that only such assignment of error can be presented to this court as were brought to the attention of the trial judge, so as to permit of their correction by him; questions of jurisdiction and fundamental errors excepted, neither of which are present in the case at bar. We said in State v. Harris, 41 N.M. 426, 70 P. 2d 757:

"It was the duty of the appellant to point out to the trial court any claimed errors in the administration of justice as they occurred. This would have enabled the judge of the district court to avoid such errors. The failure of the appellant to point out these errors which he now claims were committed by the trial court, and his failure to invoke a ruling by the trial court at the time, is fatal. The purpose of the law is to give an accused a fair trial, not repeated chances for an acquittal. Errors, if any, not in some manner brought to the attention of the trial court, may not be relied on here for reversal. State v. Diaz, 36 N.M. 284, 13 P.2d 883, and cases therein cited."

It would seem that these principles should apply with particular force where the court has suspended the operation of the jail sentence during good behavior and doubtless considered that such good behavior would embrace abstention from driving on the highways for the period of one year. The appellant accepted the suspended sentence without raising the points presented. He ought not to be permitted to eat his cake and have it too.

Furthermore since it is conceded by appellant that the conviction in the case at bar, if brought to the attention of the Commissioner, would call for the revocation of the license by the Commissioner, it would seem that the court's action in ordering "his (defendant's) driver's license be taken up for the period of one year" is at most a mere irregularity, and not prejudicial to defendant.

For the reasons given, the judgment of the district court will be affirmed. It is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

HUDSPETH J., did not participate.