199 P.2d 986

### CITY OF RATON v. RICE.
### No. 5143.

Supreme Court of New Mexico.
Nov. 24, 1948.

H. M. Rodrick, of Raton, for appellant.

William P. Kearns, Jr., of Raton, for appellee.

COMPTON, Justice.

This appeal is from a judgment of conviction of a city ordinance, the particular charge being, that Lillian Rice, on or about the 8th day of November, 1947, at about 1:45 p. m. did drive an automobile in a careless and reckless manner such as to indicate either a wilful or a wanton disregard for the safety of persons or property and did seriously injure one John Cunningham, Jr.

At the conclusion of the trial appellant's motion, challenging the sufficiency of the evidence, was overruled, the denial of which is assigned as error.

The case turns on the sufficiency of the evidence to support the judgment of the court. Consequently, a review of the evidence is necessary.

There is evidence that appellant, while driving an automobile south on North Second Street in the City of Raton, ran into John Cunningham, Jr., a child three years of age, who had suddenly darted into the street from among trees and bushes near the curb on the east side of the street. He ran diagonally across the street in a southwesterly direction laughing and hallooing. He was on his way to play with Erick Budd who lived just across and down the street. Appellant, on sighting the child applied her brakes thereby leaving rubber marks upon the pavement, astride the center line of the street, for a distance of 34 feet. The car rolled past John and when it stopped he was under the car between the rear wheels near the south end of the rubber marks. Appellant lived near the scene of the accident and frequently used the streets going to and from work. She knew that children frequently played in the

street. It was narrow, only 30 feet wide, and as a precaution she usually drove near the center to avoid the possibility of an accident. The street being clear at the time, appellant estimates that she was driving 25 miles per hour, or less, when she first saw the child, 25 miles being the maximum speed fixed by ordinance. State and City police immediately investigated the accident. At their request appellant permitted a test to be made of the car for mechanical defects, if any, and for the purpose of estimating its speed immediately prior to the accident. Two tests were made, one by Anton Zukie, the other by Jack Robertson. The former test left no skid marks, nevertheless, its brakes were in good mechanical condition. The latter test, made by Jack Robertson of the State Police over approximately the same area and while the car was driving 30 miles per hour, left skid marks for a distance of 28 feet. The officer Robertson, however, testified that he did not consider the test made by him to be accurate or dependable. Erick Budd, nine years of age, and Margaret Cunningham, nine years of age, a sister of John Cunningham, Jr., saw the car strike John but did not testify as to the speed of the car.

Obviously, it is appellee's theory that excessive speed alone as shown by rubber or skid marks, indicates a wilful or wanton disregard for the safety of persons or property.

It should be conceded that appellee, if the judgment is to be sustained, must establish that degree of negligence as would constitute the basis of the crime of involuntary manslaughter had death resulted from the injury. Mere negligence is insufficient. Negligence, not amounting to wilful or wanton disregard of consequences cannot be made the basis of a criminal action. People v. Allen, 321 Ill. 11, 151 N.E. 676; State v. Harris, 41 N.M. 426, 70 P.2d 757; State v. Sisneros, 42 N. M. 500, 82 P.2d 274, 281.

In State v. Sisneros, supra, the defendant while operating an automobile drove it diagonally across a road into a car parked on the opposite side, negligently killing two persons. The court reversing the judgment, said it was encumbent upon the state to prove criminal negligence and that there was a failure of proof in this respect.

The specially concurring opinion of Mr. Justice Zinn tacitly expresses our conclusion in the following language: "Mere negligence is not sufficient. It may be sufficient to compel the driver to respond in damages. However, when it comes to responding to an accusation of involuntary manslaughter, with the possibility of a penitentiary sentence, a different rule is called into play. In the instant case I can not find from the evidence where the appellant was guilty of reckless, wanton and wilful negligence. State v. Harris, supra."

These cases are controlling. We are unable to find from the evidence that appellant's conduct was so reckless, wilful or wanton as to manifest a disregard of consequences. The court erred in failing to sustain appellant's motion to dismiss.

Other points are urged for a reversal of the judgment but the conclusions reached render a discussion of these points unnecessary. The judgment will be reversed with directions to the trial court to reinstate the case upon its docket, enter an order sustaining the motion and discharging appellant, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.