328 P.2d 74

STATE of New Mexico, Plaintiff-Appellee,

v.

Raul (Bullets) BARRERAS, Defendant-Appellant.

No. 6374.

Supreme Court of New Mexico.

July 14, 1958.

Kenneth A. Patterson, Albuquerque, for appellant.

Fred M. Standley, Atty. Gen., Howard M. Rosenthal, Asst. Atty. Gen., Joel B. Burr, Jr., Asst. Atty. Gen., for appellee.

SHILLINGLAW, Justice.

This is an appeal from a conviction of the defendant by a jury in Bernalillo County for possession of marijuana contrary to the provisions of the Narcotic Drug Act, § 54–7–13, N.M.S.A.1953. A preliminary hearing, the validity of which is the basis of this appeal, was held on September 13, 1957, and an information charging the above crime was filed by the District

Attorney the. same day, to which information defendant filed a plea in abatement. A hearing was held on defendant's plea upon a stipulated set of facts, the plea was denied, whereupon defendant elected to stand upon his plea. Defendant stood mute when called upon to plead over and the court ordered a plea of not guilty to be entered. The case, in which the defendant refused to participate, was heard by a jury on November 7, 1957, and a verdict of guilty returned. The same day, defendant was sentenced to not less than two years nor more than five years in the State Penitentiary.

Defendant's plea in abatement was decided by the court upon stipulated facts and conclusions which were as follows:

"That on *August 15, 1957,* Raul Barreras was arrested by Office Filimon Torrez of the City of Albuquerque, Police Department, and booked into the city jail; it is further stipulated that at the time of making arrest, Officer Torrez had sufficient facts within his knowledge as would constitute probable cause for the making of the arrest; that on August 19, 1957, the defendant, Barreras, was transferred from the City of·Albuquerque jail to the ·County of Bernalillo jail; that on *August 23, 1957,* a criminal complaint was filed before Justice of the Peace R. B. Salazar, the criminal complaint charging that the said Raul Barreras did unlawfully possess a narcotic drug, to-wit: marijuana, contrary to the statutes of the State of New Mexico; that said criminal complaint was approved by the District Attorney in and for the Second Judicial District; that no warrant was issued by the Justice of the Peace or any judge or any other justice of the peace on the criminal complaint and that on *September 13, 1957,* Raul Barreras was called for a preliminary hearing before a justice of the peace and that Raul (Bullets) Barreras refused to enter into the merits of the hearing alleging that the justice of the peace lacked jurisdiction over his person." (Emphasis ours.)

The sole point relied upon for reversal is that the lower court erred in denying defendant's plea that the information be abated. The basis for this plea was that no warrant was issued compelling defendant's appearance as required by § 41–3–8, N.M.S.A.1953, and that the court therefore lacked jurisdiction at the preliminary hearing.

It is apparent from the record that the defendant was already in custody, being first arrested and confined in the city jail on August 15, 1957, and then being transferred to the county jail on August 19, 1957.

The question presented is whether, under § 41–3–8, the issuance of a warrant is necessary to confer jurisdiction over the person of an accused who has already been

arrested with probable cause and who is under confinement.

A reading of the statute relied upon by defendant makes quite plain its limitations:

"Third. *Whenever complaint shall be made to any judge or justice of the peace that any criminal offense has been committed,* constituting a felony, it shall be his duty, without the necessity of consulting the district attorney, to examine the complainant and any witnesses who may be introduced by him under oath; if it appear on such examination that any crime has been committed, *the magistrate shall issue a warrant commanding the sheriff or any other officer forthwith to take the accused and bring him before such magistrate,* to be dealt with according to law and the magistrate must notify the prosecuting attorney immediately; warrants issued by a judge may be executed in any part of the state, and warrants issued by any other magistrate may be executed in any part of the county where such officer resides." (Emphasis ours.)

The provisions of the section plainly operate when the accused is not before the court—when it is necessary to go out of the court and bring the accused before the court.

■■ A warrant is a "writ or precept issued by a magistrate, justice, or other competent authority, addressed to a sheriff, constable, or other officer, requiring him to arrest the body of a person therein named, and bring him before the magistrate or court, to answer, or be examined, touching some offense which he is charged with having committed." Black, Law Dictionary (4th ed. 1951) p. 1756. The purpose of a warrant is to acquire jurisdiction over the person of the accused—to bring him before the court.

■ Counsel for the State correctly argues that § 41–3–1, N.M.S.A.1953, which provides, "when the defendant is brought before the magistrate upon an arrest, *either with or without a warrant * * *"* (emphasis ours), confers jurisdiction over the person of an accused upon the court. This statute is to be read in connection with the common law rule that an officer may arrest, without a warrant, a person whom he has probable cause to believe guilty of a felony, 6 C.J.S. Arrest § 6, p. 587.

■ The single New Mexico case relied upon by counsel for defendant, State v. Melendrez, 49 N.M. 181, 159 P.2d 768, does not stand for the proposition that a warrant must be issued but rather, in a case where a complaint follows the actual issuance of a warrant, that the complaint is merged in the warrant. This is a far cry from a holding that a warrant must be issued when the defendant is already in

304

custody. Defendant has cited no authority in support of his argument that the issuance of a warrant is jurisdictional when, as in this case, the custody of the accused's person was well in hand. As long ago as the case of Territory v. McGinnis, 10 N.M. 269, 61 P. 208, this court held that "any person" may, without warrant, arrest a felon. The crime charged in the instant case is a felony—possession of narcotics. This court has also held that a peace officer may make an arrest without warrant for "probable cause," Cave v. Cooley, 48 N.M. 478, 152 P.2d 886, and the facts stipulated in the instant case were that the arresting officer "had sufficient facts within his knowledge as would constitute probable cause for making the arrest."

We hold that § 41–3–1, N.M.S.A.1953, gives jurisdiction over the person of an accused who has already been arrested with probable cause and who is under confinement, and that § 41–3–8 does not further require that a warrant shall issue.

In a reply brief counsel for defendant admits that, under § 41–3–1, an examining magistrate acquires jurisdiction over the person of an accused but, for the first time, argues the point that such jurisdiction can only be acquired if the accused "is brought before the magistrate *upon* an arrest * * * without a warrant," contending that, unless an accused who is arrested without a warrant is taken forthwith and without undue delay before the magistrate,

the magistrate must proceed under § 41–3–8 and issue a warrant to acquire jurisdiction over the accused's person.

■ Counsel for defendant has thus phrased the argument raised for the first time in his reply brief in jurisdictional terms: the thirty day period between arrest and preliminary hearing somehow precluded the magistrate from acquiring jurisdiction over defendant's person other than through the provisions of § 41–3–8, and, without issuance of a warrant, he had no jurisdiction to bind the accused over to the district court.

There is a firmly established rule that this court will consider only such assignments of error as were brought to the attention of the trial judge, so as to permit of their correction by him. State v. Harris, 41 N.M. 426, 70 P.2d 757; State v. Diaz, 36 N.M. 284, 13 P.2d 883, and cases therein cited.

The accused cannot shift his ground of defense on appeal but exceptions to the rule exist so that questions of constitutionality of an act creating a crime and questions of jurisdiction may be raised for the first time on appeal. State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; State v. Williams, 50 N.M. 28, 168 P.2d 850; State v. Herrera, 28 N.M. 155, 207 P. 1085, 24 A.L.R. 1134. The act of raising this question for the first time in a reply brief in this court is surely not to be rec-

ommended. However, we reluctantly consider the argument in view of the jurisdictional issue assigned.

■ Counsel for defendant cites but one case in support of his legal conclusions, the case of Ex parte Harvell, D.C.E.D. N.C., 267 F. 997. Contrary to counsel's position, that case is not authority for the proposition that an examining magistrate loses jurisdiction over the person of an accused brought before him without a warrant in cases where there has been an undue delay between the time of arrest and the time that the accused is taken before him. It is simply authority for the proposition that in a proper case, a writ of habeas corpus will issue to secure the release or the examination of the cause of a defendant's imprisonment.

■ An extensive search of the authorities was of no avail in finding a case in support of counsel's contention, but the reports are replete with cases which hold that where a court has jurisdiction of the subject matter of an offense with which a defendant is charged and the defendant is physically before the court, the manner in which the arrest of the defendant is made is immaterial in determining the court's jurisdiction. People v. Mason, 198 Misc. 452, 97 N.Y.S.2d 462, appeal dismissed in 306 N.Y. 857, 118 N.E.2d 914; People ex rel. Mertig v. Johnston, 186 Misc. 1041, 62 N.Y.S.2d 429; Deas v. Payne, 225 Miss.

168, 82 So.2d 894; Cofer v. Oklahoma City, Okl., 277 P.2d 204; Macomber v. Alexander, 197 Or. 685, 255 P.2d 164; People ex rel. Poe v. Gladden, 205 Or. 538, 288 P.2d 823. In the case of People ex rel. Mertig v. Johnston, supra [186 Misc. 1041, 62 N.Y.S.2d 432], is found the following language:

"While 'the foundation for the jurisdiction of the magistrate' over the subject matter is the information, jurisdiction of the person of the defendant is acquired when he is brought before the court and charged with the offense. (Authorities cited omitted.)

"It does not matter if he is arrested illegally * * *, or appears voluntarily * * *, or appears in response to a summons instead of a warrant * * *, or is arrested illegally without a warrant." (Authorities cited omitted.)

This court has likewise ruled on this point in the case of State v. Wise, 58 N.M. 164, 267 P.2d 992, wherein we held that, where a person accused of a crime is found within a territorial jurisdiction where he is charged, the jurisdiction of the court where the charge is so pending is not impaired by the fact that he was brought from another jurisdiction by illegal means. It would appear only logical to assume that if the manner of arrest of an accused will not affect the jurisdiction of the court where the charge of which he is

accused is pending, that irregularities which occur subsequent to the arrest but prior to preliminary hearing should likewise have no effect on the jurisdiction of the court.

Even though the defendant was unlawfully detained before being taken before the examining magistrate, that could not affect the jurisdiction which the magistrate acquired over the person of the accused when he was brought before the court and charged with the offense, and the judgment of the lower court ought to be, and is hereby affirmed.

We feel, however, that nothing in this opinion should be construed as an approval of the procedure used by the law enforcement officials of Bernalillo County with regard to the delay in bringing this defendant before a magistrate following arrest. According to the stipulated facts, defendant was arrested August 15, 1957, held in confinement in the city and later the county jail, a criminal complaint was filed August 23, 1957, and defendant was not called for a preliminary hearing until September 13, 1957. From the record before us, we are unable to conceive any reason or excuse for holding the defendant for thirty days without a charge to answer and without an opportunity to make bail. We would never condone the arbitrary restraint of a person imprisoned without regard to the due process of our laws—laws which insure the citizen safeguards fundamental to our system of jurisprudence.

The examining magistrate had jurisdiction over the subject matter in the instant case and, when the defendant was brought before the court, it acquired jurisdiction over his person and could validly bind him over to the district court. The judgment of the lower court is affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.