355 P.2d 126

**CITY OF PORTALES, Plaintiff-Appellee,**

**v.**

**R. A. SHIPLETT, Defendant-Appellant.**

No. 6696.

Supreme Court of New Mexico.

Sept. 8, 1960.

Mears, Mears & Boone, Portales, for appellant.

Jay Morgan, Portales, for appellee.

NOBLE, Justice.

Defendant was tried and convicted in Police Magistrate Court of the City of Portales of the offense of driving a vehicle on that city's streets while under the influence of intoxicating liquor. Appeal was taken and trial de novo was had in the district court, resulting in a conviction, from which this appeal results.

On this appeal, defendant alleges as error lack of substantial evidence to support the conviction and violation of the due process and equal protection clauses of the State and Federal Constitutions.

■ The attention of the arresting officer was attracted to the defendant when he drove down a one-way street in the direction opposite the flow of traffic. The officer testified that he smelled alcohol on defendant's breath, that the defendant staggered when he walked, had difficulty in dialing the telephone, talked with difficulty, and in the opinion of the officer, was under the influence of alcohol when arrested. We deem this substantial evidence to support the conviction. State v. Sisneros, 1938, 42 N.M. 500, 82 P.2d 274.

The second point, however, raises a more serious question. The arresting officer testified that the defendant submitted peaceably to arrest and his conduct throughout seems to have been above reproach. Upon his arrival at the jail, defendant was booked and allowed to make one phone call, after which he was placed in jail where he remained overnight. The arrest took place around 7:30 p. m. the night of May 13,

1959. At around 8:30 p. m., his wife and employer visited the jail. It can be inferred from the testimony that bail was sought and refused. Later in the evening they asked to be allowed to see the defendant, and were refused such permission.

Defendant contends, for the first time in this court, that this conduct by the police was in violation of § 64–22–8, N.M.S.A. 1953 Compilation, and violated the due process and equal protection clauses of the Constitution of the United States and of New Mexico. The specific challenge to the violation of defendant's constitutional rights is that the refusal of the officers to permit defendant's wife and employer to see and talk with defendant in jail, soon after his arrest, deprived him of the right to secure witnesses who could testify as to whether defendant was under the influence of intoxicating liquor, and that this denial deprived him of his liberty without due process of law and of the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States, and of Sec. 18, Article II, of the Constitution of New Mexico.

The question concerning the alleged violations of the Constitution and statutes of the State of New Mexico cannot be considered here. No circumstance appears in the record which might reasonably be said to have fairly drawn the violation of any statutory or constitutional right of defendant to the attention of the trial court, nor to have presented it to the trial court either for consideration or a ruling thereon. No motions or objections of any kind were made. The cases are legion which hold that questions not presented below cannot be considered for the first time on appeal. The failure of defendant to point out the claimed errors and to bring them to the attention of the trial court prevent his relying on them for the first time on appeal. State v. Harris, 1937, 41 N.M. 426, 70 P.2d 757. The sole exceptions to this rule are questions of jurisdiction and fundamental error which are not present in the instant case.

State v. Williams, 1946, 50 N.M. 28, 168 P.2d 850, closely parallels this case and urged violation of defendant's constitutional rights for the first time on appeal. In that case, defendant was convicted of operating a motor vehicle upon the highways while under the influence of intoxicating liquor. In addition to fine and sentence, the court ordered defendant's driver's license taken up for a period of one year. On appeal, defendant urged that surrender of his license deprived him of liberty and property without due process of law in violation of the State Constitution. We stated, at page 29 of 50 N.M., at page 850 of 168 P.2d:

"There were no objections or exceptions taken at the time the judgment was rendered to that part now complained of, and the record does not dis-

close whether or not the trial court ever heard, considered or ruled upon these questions, hence they are not here for consideration.

"There is no rule more firmly established by our law than that only such assignment of error can be presented to this court as were brought to the attention of the trial judge, so as to permit of their correction by him; questions of jurisdiction and fundamental errors excepted, * * *

" * * * 'The purpose of the law is to give an accused a fair trial, not repeated chances for an acquittal.' "

Notwithstanding the failure to invoke a ruling by the trial court, we can find no basis, from a review of the evidence, upon which to predicate a violation of the constitutional rights claimed which denied defendant a fair trial or requires a reversal of the conviction. Defendant was not denied the right to call an attorney. No request was made for a physical examination. See, United States ex rel. Hyde v. McMann, 2 Cir., 263 F.2d 940. Compare, City of Albuquerque v. Patrick, 1957, 63 N.M. 227, 316 P.2d 243.

Finding no error the conviction will be affirmed, and

It is so ordered.

COMPTON, C. J., and CARMODY, MOISE and CHAVEZ, JJ., concur.