385 P.2d 355

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Kenneth D. TIPTON, Defendant-Appellant.**

**No. 7265.**

Supreme Court of New Mexico.

Sept. 23, 1963.

Smith, Smith & Tharp, Clovis, for appellant.

Earl E. Hartley, Atty. Gen., Joel M. Carson, Shirley C. Zabel, Asst. Attys. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Defendant's sentence for conviction of a second felony was increased as provided by the habitual criminal act, § 41–16–1, N.M.S.A.1953. He has appealed and contends that this statute has been repealed by implication and is unconstitutional.

Defendant Tipton pled guilty to a charge of rape of an adult female. On the following day he was charged as an habitual criminal, having been formerly convicted of statutory rape in 1953. Through his counsel, defendant stipulated that he had been convicted of the two felonies charged, and interposed legal defenses to the information charging him as an habitual criminal. A jury was waived and the defendant was found guilty by the court. Thereupon, sentence was imposed in the rape case in accordance with the provisions of § 41–16–1, supra.

The validity of the habitual criminal act is challenged on the ground that Chapter 150, Laws 1955, the indeterminate sentence law, repealed § 41–16–1 by implication. In addition, defendant now asserts that the increased penalty for a second felony conviction cannot be applied under the language of the indeterminate sentence statute; and, that § 41–17–1 repeals § 41–16–1 by necessary implication.

The habitual criminal act (§ 41–16–1) provides that the sentence upon conviction of a second felony, if the punishment therefore is less than life imprisonment, shall be increased so as to require a sentence to imprisonment for not less than half the longest term nor more than twice the longest term prescribed upon a first conviction. The indeterminate sentence law (§ 41–17–1, N.M.S.A.1953) requires the court, in imposing a penitentiary sentence, to impose sentence "for the term as prescribed by law for the particular crime of which he was convicted." State v. Romero, 73 N.M. 109, 385 P.2d 967.

We perceive no obstacle imposed by the indeterminate sentence law to complying with the provisions of § 41–16–1. It is entirely consistent to impose the sentence provided by § 41–16–1, and, at the same time, comply with the provisions of the indeterminate sentence statute. Both were complied with in this instance. The penalty for conviction of rape (§ 40–39–1, N.M.S.A.1953) is imprisonment for a period of not less than one year nor more than life. Section 41–16–1 provides that the minimum sentence for a second felony offender is not less than one-half of the longest term, or, in this instance, 49½ years, and a maximum of not more than twice the longest term—in this case, life imprisonment.

The doctrine that repeals by implication are not favored is firmly embedded in our law. State v. Valdez, 59 N.M. 112, 279 P.2d 868. We are unable to

agree with defendant's argument either that the indeterminate sentence law, the later legislative enactment, relates to the same subject matter or is one fully covering the subject matter of the habitual criminal statute, nor do we find the latter statute inconsistent, irreconcilable, or repugnant to § 41–16–1, supra. The indeterminate sentence law merely provides that the sentencing judge shall impose the minimum and maximum sentence provided by law. State v. Romero, supra. The increased penalty provided by the habitual criminal statute is the penalty provided by law.

■ We find no merit to the contention that § 41–16–1 may only be invoked when the district attorney has learned of a prior conviction after conviction for a second felony. We find no language in the statute requiring such construction.

■ Defendant, for the first time, in oral argument, asserts that § 41–16–1 contravenes § 18, Art. 4 of the New Mexico Constitution in that its effect is to amend the provisions of prior laws fixing penalties for conviction of felonies, without setting forth the amended section in full. We cannot consider the constitutional questions not presented to the trial court either for consideration or a ruling thereon. The failure of defendant to point out the claimed defect in the statute and to bring them to the trial court's attention prevent his relying on the claimed error for the first time on appeal. City of Portales v. Shiplett, 67 N.M. 308, 355 P.2d 126; State v. Harris, 41 N.M. 426, 70 P.2d 757; State v. Williams, 50 N.M. 28, 168 P.2d 850.

■ Defendant, however, seeks to invoke the doctrine of fundamental error in his endeavor to bring the claimed error not presented below within an exception to rule. The doctrine of fundamental error is one possessed by this court but is to be applied only under exceptional circumstances and solely to prevent a miscarriage of justice. In State v. Garcia, 19 N.M. 414, 143 P. 1012, 1015, it was said regarding the conditions for its application:

" * * * This court, of course, will exercise this discretion very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims, nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict. *If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here. * * * *"* (Emphasis added).

See, also, State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; State v. Armijo, 35 N.M. 533, 2 P.2d 1075; State v. Garcia, 46 N.M. 302, 128 P.2d 459; Butler Paper Co. v. Sydney, 47 N.M. 463, 144 P.2d 170; State v. Nuttall, 51 N.M. 196, 181 P.2d

808; State v. Heisler, 58 N.M. 446, 272 P. 2d 660; State v. Nelson, 65 N.M. 403, 338 P.2d 301.

We find no ground for applying the doctrine of fundamental error in this case.

It follows from what has been said that the judgment and sentence of the trial court must be affirmed. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.