415 P.2d 350

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry Ray JAMES, Defendant-Appellant.

No. 7871.

Supreme Court of New Mexico.

June 13, 1966.

Dan B. Buzzard, Clovis, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

Appellant seeks reversal of a judgment and sentence of the court entered pursuant to a jury verdict finding him guilty of the crime of aggravated battery contrary to the provisions of § 40A–3–5, N.M.S.A.1953.

He asserts five points relied on for reversal.

The facts of the case, insofar as they are material to the contentions of appellant, will be discussed under each point. The points will be disposed of in the order of their presentation in the brief in chief.

The first point is that, "[i]t is fundamental error and a denial of constitutional right for a trial court to instruct the jury that the State of New Mexico may comment on the defendant's failure to take the stand."

The instruction to the jury which it is claimed constituted a denial of constitutional rights was as follows:

"The court instructs you that the defendant may, if he sees fit, become a witness in his own behalf, but the law imposes no obligation upon him to testify in his own behalf, or as to any material fact in the case, and you shall indulge in no presumption against him because of the failure of the defendant to take the witness stand in this case, *but such fact can be the subject of reasonable comment or argument.*" (Emphasis supplied.)

Appellant relies on the decision in the case of Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

However, the court did not make any comment and the prosecution made no comment or argument whatsoever on appellant's silence. We have heretofore considered this question in the cases of State v. Buchanan, decided March 14, 1966, 76 N.M. 141, 412 P.2d 565, and State v. Paris, decided May 16, 1966, 76 N.M. 291, 414 P.2d 512. In those cases we held that the rule an-

nounced in Griffin v. State of California, supra, is not applicable in this situation.

Appellant's second point is that it was "fundamental error and a denial of constitutional right for the court to permit the jury to convict in the absence of any appearance or testimony by the named victim." The victim of the aggravated battery of which appellant was convicted was named in the information, and his name was endorsed thereon as a witness.

The offense of which appellant was convicted occurred on August 4, 1964. The case was tried on December 14, 1964. It is unquestioned that the victim, one Forrest Smith, was in Libya, Africa, at the time of trial. On four occasions appellant raised the question of his right to be confronted by his victim, and he urged that he was being deprived of his right of confrontation by the said Forrest Smith as guaranteed to him by article II, § 14 of the State Constitution, and amendment VI of the United States Constitution.

At no time did appellant seek a continuance based on the absence of evidence as provided in §§ 21–8–10 and 21–8–11, N.M. S.A.1953. He made no statement as to what evidence he believed might be developed from the victim, if called as a witness, and at no time did he indicate that he desired to call the victim as a witness. The victim was not called as a witness, and not one word of testimony by him was even offered by the state by way of deposition, prior testimony, or otherwise.

Appellant would have us construe the words, "to be confronted with the witnesses against him," which appear in both amendment VI of the Constitution of the United States, and article II, § 14 of the Constitution of New Mexico, as being synonymous with the words, "to be confronted with his victim." A witness is one who testifies under oath, and the constitutional guarantee contemplates confrontation only by those who actually testify against the accused, or whose testimony or statements are in some way brought to the attention of the court and jury upon the trial.

There are certain recognized exceptions to the right of actual confrontation with a witness in the trial. See Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923; Wigmore on Evidence, 3d Ed., Vol. V, §§ 1401–1410; Underhill's Criminal Evidence, 5th Ed., Vol. II, § 515. These exceptions are applicable when prior testimony or statements are offered as evidence against the accused.

The right of confrontation does not embrace a situation such as we have here, where no prior testimony, statement, or utterance of any kind by the victim was brought to the attention of the jury, and none was offered by the state.

■ The purposes of confrontation are to secure to the accused the right of cross-examination; the right of the accused, the court and the jury to observe the deportment and conduct of the witness while testifying; and the moral effect produced upon the witness by requiring him to testify at the trial. Wigmore on Evidence, 3d Ed., Vol. V, § 1395. See also Underhill's Criminal Evidence, 5th Ed., Vol. II, § 515; Pointer v. State of Texas, supra; Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934.

■ Appellant has also cited as authority, in support of his position, the case of State v. Bailey, 62 N.M. 111, 305 P.2d 725. That case is authority only for the proposition that the state must show due diligence in securing the attendance of the witness at the trial, before the court can properly admit his testimony taken at the preliminary hearing.

Appellant's third point is that:

"Testimony pertaining to a claimed admission of guilt on the part of a criminal defendant is not admissible without a prior showing by evidence on the part of the state that the claimed admission relates to the crime with which the defendant is charged, and that at the time of the claimed admission the defendant had been fully advised of his right to advice of legal counsel and his right not to be compelled to testify against himself."

Testimony to which appellant objects consists of one question asked by the Assistant District Attorney and the answer thereto by the witness, Bob Hindman, which were as follows:

"Q. Now what, if anything, did he tell you at that time about this incident?"

"A. Well, I can't remember the exact words. It was something like, 'Well, I wouldn't have done it if I had known it was a felony. In Texas, it would have been a misdemeanor.'"

There is no question that the aggravated battery upon the person of Forrest Smith by appellant occurred in the Bel Aire Lounge in Hobbs, New Mexico. The witness, Bob Hindman, was a deputy sheriff residing in Hobbs. Approximately two days after the incident in the Bel Aire Lounge appellant was arrested, and a few days after he had been arrested and released on bond he voluntarily made the statement to Deputy Hindman in a casual conversation in the hall of the police building in Hobbs. Appellant was not in custody, was not being questioned, no effort was being made to secure a statement from him, and no promises or threats were made by anyone.

■ Appellant's first contention under this point is that his statement was never

connected to the offense with which he was charged. He is mistaken in this. Just before the question and answer quoted above, the witness was asked the following question and made the following answer:

"Q. Did you have a conversation with him [appellant] concerning the incident at the Bel Aire Lounge?"

"A. Yes, sir."

The events leading up to and surrounding the attack by appellant on Forrest Smith were referred to on numerous occasions by the witnesses and counsel for the state and appellant as the "incident" or the "altercation" at the Bel Aire Lounge.

Appellant next contends the trial court erred in failing to determine that he had been advised or represented by counsel before admitting the testimony of the witness as to appellant's statement. He relies on the cases of Massiah v. United States, 377 U.S. 201, 84A S.Ct. 1199, 12 L.Ed. 2d 246, and Escobedo v. State of Illinois, 378 U.S. 478, 84A S.Ct. 1758, 12 L.Ed.2d 977.

In the Massiah case, petitioner had been indicted for violating the federal narcotics laws, had retained a lawyer, had pleaded not guilty and had been released on bail. Thereafter, government agents, without petitioner's knowledge, secured permission to install a radio transmitter in the automobile of an alleged confederate. A government agent, equipped with an appropriate receiving device, listened to a lengthy conversation between petitioner and the alleged confederate. During this conversation, petitioner made several incriminating statements, which were brought before the jury at the trial by the agent's testimony, despite the insistent objections of defense counsel. The holding of the court in that case was only that the incriminating statements obtained by the federal agents, under the circumstances there disclosed, could not constitutionally be used against the petitioner at his trial.

The holding in the Escobedo case was set forth by the court as follows:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S., [335] at 342 [83 S.Ct. 792, at 795, 9 L.Ed.2d 799], and that no state-

**382**

ment elicited by the police during the interrogation may be used against him at a criminal trial."

In the present case, we have a statement gained neither surreptitiously nor by promise or threat. It does not appear from the record whether appellant had engaged counsel at the time, nor does it appear whether he had been warned of his constitutional rights. He did not contend at the time of trial, nor does he here contend, that he did not have counsel at the time he made the statement, or that he was then unaware of his rights against self-incrimination. He states his position in his brief in chief as follows:

"In determining the voluntary character of the admission, the trial court made no determination as to the appellant having been advised or represented by an attorney."

The only objection made at the trial to the admission of the statement was that it was "not connected up with anything on August 4th, 1964." We have already disposed of this objection.

██ The holdings in Massiah v. United States, supra, and Escobedo v. Illinois, supra, do not purport to go so far as to preclude the use by the state of an admission voluntarily made in a casual conversation under the circumstances as they appear in this case.

Appellant has stated his fourth point as follows:

"Once a resident judge has been properly disqualified by affidavit, he may not participate in a proceeding under Section 41–12–13, et seq., N.M.S.A. 1953, to compel the attendance and testimony of a nonresident witness."

Appellant disqualified two of the three resident district judges pursuant to the provisions of § 21–5–8, N.M.S.A. 1953. The third resident district judge, the Honorable Caswell S. Neal, presided over the trial. One of the disqualified judges, the Honorable Kermit E. Nash, on the same day that the Affidavit of Disqualification was filed, but apparently subsequent to the filing of the affidavit, entered a certificate, upon written motion of the Assistant District Attorney, certifying that Roy Lee Jones was a material witness in this cause, that the witness would be required for one day of testimony, and that the witness resides in Dallas, Dallas County, Texas. It was then ordered that certified copies of the certificate be transmitted to the Dallas County Court pursuant to the Uniform Act to secure the attendance of witnesses from without a state in criminal proceedings. The "Uniform Act to secure the attendance of witnesses from without a state in criminal proceedings," appears as §§ 41–12–13 to 41–12–18, N.M.S.A. 1953.

Roy Lee Jones did appear and testify at the trial, but it does not appear from the record whether he appeared by reason of a subpoena issued pursuant to the certificate.

Between two and three weeks after the Affidavit of Disqualification was filed, Judge Nash, upon another like motion being filed by the Assistant District Attorney, entered a like certificate and order for the attendance of another witness. This certificate also contained the recommendation that the witness, C. E. Yonkers, be taken into immediate custody and be delivered to the sheriff of Lea County, New Mexico, to assure his attendance at the trial, and it was ordered that the sheriff of Lea County return the witness to Lovington, New Mexico, to testify in the trial, if the county court of Matagorda County, Texas, should so direct.

At the trial it was developed, from the cross-examination by appellant, that this witness lived in Bay City, Texas, and that he had been served with a subpoena by someone from the office of the sheriff of Lea County and returned to New Mexico pursuant to "a certificate issued out of this court."

No objection was made to the testimony of either witness Jones or witness Yonkers at the trial, and appellant raised no question about the conduct of Judge Nash in signing the two certificates. It

was his duty to point out to the trial court any claimed errors in the administration of justice as they occurred, so that the court might have corrected of avoided such errors. State v. Harris, 41 N.M. 426, 70 P.2d 757; State v. Williams, 50 N.M. 28, 168 P.2d 850; City of Portales v. Shiplett, 67 N.M. 308, 355 P.2d 126. The two exceptions to this rule are questions of jurisdiction and fundamental error. State v. Williams, supra; City of Portales v. Shiplett, supra.

It is true, as above stated, that on his cross-examination of the second witness, Mr. Yonkers, the appellant developed the information concerning his return to New Mexico by a representative of the office of the sheriff of Lea County pursuant to a certificate issued out of the New Mexico court, but he proceeded with his cross-examination of the witness without even suggesting that the evidence was being improperly received, and he at no time made any mention of the fact that the certificate had been issued by Judge Nash. No question was ever raised as to the propriety of the issuance of either certificate. This is not a case of fundamental error. See State v. Garcia, 19 N.M. 414, 143 P.2d 1012; State v. Tipton, 73 N.M. 24, 385 P.2d 355.

We take the view that the mere signing of the certificate was a formal act, and does not invoke a question of jurisdiction. Judge Nash, by signing the cer-

tificates, in no way passed upon the law or the facts of the case. A judge may properly perform mere formal acts after his disqualification. State v. Compton, 57 N.M. 227, 257 P.2d 915.

Appellant states his final point as follows:

"In a prosecution for the crime of aggravated battery, the court must instruct the jury that it may find the defendant guilty of simple battery only and must instruct the jury upon the elements of the lesser included offense."

Appellant did not submit a requested instruction in writing as required by § 41–11–11, N.M.S.A. 1953. As the instructions were being assembled, appellant did announce to the court that he would ask leave to write out or have typed such an instruction, as well as some instructions on other matters. The court directed both counsel to present any other instructions they wished. However, no instructions on lessor-included offenses were ever submitted. Appellant did submit some written requested instructions. If in fact the court erred, such is not properly here for review. See State v. White, 58 N.M. 324, 270 P.2d 727; State v. Johnson, 64 N.M. 83, 324 P.2d 781.

However, appellant must fail under this point for the further reason that lesser offenses may necessarily be included in the court's charge to the jury, only in the event there is some evidence which would justify a conviction of a lesser included offense. State v. Sandoval, 59 N.M. 85, 279 P.2d 850. Appellant does not undertake to cite any evidence which would justify a conviction of any lesser offense, and our review of the record discloses that he should either have been convicted of the offense charged or been acquitted. No contention is made that the evidence fails to support the verdict of "guilty as charged in the information." The judgment and sentence of the court should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.