614 P.2d 16

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry Ray JAMES, Defendant-Appellant.**

**No. 12742.**

Supreme Court of New Mexico.

July 23, 1980.

Martha A. Daly, App. Defender, Michael Dickman, Asst. App. Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Appellant was convicted and sentenced for conspiracy to commit armed robbery and armed robbery. At the same time, the State filed a supplemental information alleging the appellant to be an habitual offender, pursuant to Section 31–18–5(C), N.M.S.A.1978. Trial was held on this issue a year later, two Rule 37 extensions having been granted by Judge Reese, acting temporarily as an officer of this Court. At trial, four felony convictions, one of which was the consolidation of two federal convictions, were found valid. The underlying prison terms were vacated and two concurrent lifetime sentences were imposed.

Appellant raises three issues in this appeal: that Section 31–18–5 violates the constitutional prohibition against double jeopardy; that his constitutional right to a speedy trial was violated because the Rule 37 motions were void; and, that three of the convictions for enhancement purposes were unusable and the sentence should be adjusted accordingly. We disagree with appellant and affirm the trial court.

■ The issue of the constitutionality of habitual offender sentencing is well-settled in New Mexico. Because the habitual offender proceeding is a sentencing procedure and not a trial of an offense, there is no double jeopardy. *State v. Valenzuela*, 94 N.M. 340, 610 P.2d 744 (1980); *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979), *cert. denied*, 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979).

■ Appellant contends that Judge Reese, who was disqualified in the appellant's trial for armed robbery, had no jurisdiction to grant Rule 37 motions in his habitual sentencing trial. Judge Reese was not performing the duties of a district judge, but rather, was acting for this Court in hearing Rule 37 motions, and his disqualification as trial judge did not apply to his capacity to act as an officer of this Court. The Rule 37 extensions were properly granted. Appellant's constitutional right to a speedy trial was not violated.

■ Appellant contends his conviction in Count III was constitutionally invalid and could not be used by the trial court as a basis for the habitual offender charge because the prosecutor commented upon appellant's silence at trial. A direct comment by a prosecutor upon a defendant's silence at trial is unconstitutional error. The record, with reference to Count III, does not support appellant's contention. We addressed this question in *State v. James*, 76 N.M. 376, 415 P.2d 350 (1966). In that case, we said: "[T]he court did not make any comment and the prosecution made no comment or argument whatsoever on appellant's silence." *Id.* at 378, 415 P.2d at 352. Having previously considered and rejected appellant's claim, we will not reconsider it in this appeal.

■ Appellant also contends that the crimes alleged in Counts IV and V would not have been felonies if committed in New Mexico and could not be used in enhancing the sentence. Those convictions were for bank robbery and conspiracy to commit bank robbery in 1968. They were violations of 18 U.S.C. § 2113(a) and § 371 (1976). Sections 40A–16–2 and 40A–28–2, N.M.S.A. 1953 (2nd Repl. Vol. 6 (1975)), in effect in 1968, were substantively the same as those federal statutes. While it was not specifically determined whether appellant's presence in the bank was unauthorized, as required in New Mexico under our burglary statute, the record shows, and the court found, that appellant entered the bank with the intent to commit larceny. Having entered the bank under this pretense, appellant's presence became an unauthorized one. *State v. Ortiz*, 92 N.M. 166, 168, 584 P.2d 1306, 1307 (Ct.App.1978), *cert. denied*, 92 N.M. 79, 582 P.2d 1292 (1978). At the time the crimes alleged in Counts IV and V were committed, they constituted felonies under then existing New Mexico law, and the trial judge properly considered Counts IV and V in determining the correct sentence to be imposed.

The State, in its answer brief, contends that the trial court should not have dis-

missed Count I. Since we have upheld appellant's enhancement sentence based upon Counts III, IV and V, we deem it unnecessary to resolve this issue.

The trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.