421 P.2d 439

STATE of New Mexico, Plaintiff-Appellee,

v.

Richard Allen HAYES, Defendant-Appellant.

No. 8169.

Supreme Court of New Mexico.

Dec. 12, 1966.

---

Robert S. Skinner, Raton, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

.WOOD, Judge, Court of Appeals.

After an automobile accident in which two people were killed, defendant was charged and convicted of involuntary manslaughter under § 40A–2–3, subd. B, N.M. S.A.1953. While various issues are presented, one is dispositive. That issue is: Was there evidence of wanton and reckless operation of the automobile sufficient

to sustain the conviction? We hold that the evidence is insufficient.

State v. Clarkson, 58 N.M. 56, 265 P.2d 670, held that:

"The wanton and reckless operation of · an automobile which must be shown * * in order to secure a conviction for involuntary manslaughter where a human is killed by an automobile * * * is not different from that required to be shown under our guest statute * * *"

■ Absent a claim of intentional injury, to recover under our guest statute, the accident must have been caused by defendant's "heedlessness or his reckless disregard of the rights of others." Section 64–24–1, N.M.S.A.1953. To establish heedlessness or reckless disregard of the right of others, one must establish a particular state of mind. That particular state of mind comprehends evidence of an utter irresponsibility on the part of the defendant or of a conscious abandonment of any consideration for the safety of passengers. Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373; Valencia v. Strayer, 73 N.M. 252, 387 P.2d 456.

The accident occurred during daylight on U. S. Highway 85, four miles north of Maxwell, New Mexico. The highway was. paved, dry and in good condition.

Defendant, traveling south, was driving in excess of the speed limit of 70 miles per hour. The left rear tire blew out. The·

highest estimate of speed at the time of the blowout was 90 miles per hour. After the blowout, the car gradually angled onto the west shoulder of the road.

Defendant lost control of the car while it was on the shoulder. While out of control, the car returned to the pavement and skidded along and across the pavement into the path of a north-bound car occupied by the decedents.

Defendant's conviction is based on the killing of two persons while driving a motor vehicle at an illegal speed.

■ The state concedes that speed alone is not enough to sustain the conviction. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006; Valencia v. Strayer, supra. Nor is speed accompanied by acts of negligence. Alford v. Drum, 68 N.M. 298, 361 P.2d 451. The additional items on which the state relies are stated and then followed by evidence pertaining to those items.

1. Defendant was driving an unfamiliar car. In his job as ambulance driver, defendant had taken two patients from Albuquerque to Fort Lyons, Colorado. He was returning to Albuquerque when the accident occurred. This was the eighth such trip in this ambulance. He had used the same ambulance for this same trip in each of the previous two weeks.

2. Defendant was driving over relatively unfamiliar roads. This return journey would have concluded his eighth round trip on the same highway from Albuquerque to Fort Lyons and return to Albuquerque.

3. Eight hundred feet north of where the accident occurred, defendant drove over a hill with a 2% grade with a curve at the bottom of it. The state contends defendant should have slowed down as he drove down the hill toward this curve. The curve at the bottom of the hill was at least four hundred feet south of where the accident occurred. For the eight hundred feet, the change from the horizontal is only sixteen feet. The photographs in evidence indicate the accident occurred in open country on a straight section of road and the "hill" is a gradual decline without dips or sudden changes in grade.

4. Because of the slope of the hill and the curvature of the road, it would seem to a driver in defendant's position that approaching cars were in his lane of travel —thus, defendant should have slowed down. No evidence identifies at what point this optical illusion occurs. The blowout occurred four hundred feet north of the collision. The testimony is that one should not brake after a blowout—that the car should be allowed to slow down without braking. Defendant followed this procedure for at least two hundred five feet— until he drove off the pavement onto the shoulder. The car went out of control on the shoulder.

5. Defendant consumed two beers before the accident. Defendant drank one beer at Fort Lyons, Colorado. He then drove to Trinidad, Colorado, where he ate two hamburgers and drank another bottle of beer. From there he drove to the point where the accident occurred. The officers investigating the accident found no evidence of intoxication and didn't think it necessary to test defendant for intoxication.

6. The tire that blew out was defective. Defendant's employer bought this tire, new, approximately three months before the accident. The defect was such that a glance would not reveal it; the testimony was "it would take an inspection, really, to see it." The tire looked all right to defendant when he started on this trip; he didn't know about the defect until after the accident.

■ The items relied on by the state, even when considered cumulatively, fail to disclose the state of mind required to be shown for a conviction. Valencia v. Strayer, supra.

The judgment and sentence is reversed. The cause is remanded with instructions to set aside the judgment, dismiss the charge of involuntary manslaughter and discharge defendant from custody.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.