512 P.2d 693

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joseph Antonio GRUBBS, Defendant-Appellant.**

**No. 1130.**

Court of Appeals of New Mexico.

June 27, 1973.

Philip W. Steere, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant shot and killed decedent with a handgun. There are conflicting versions of the shooting. Defendant claims he had stored the loaded gun in a chair on the previous evening; that on the day of the shooting he pulled the gun from the chair by its barrel when the hammer cocked; and that the shooting occurred when he was trying to lower the hammer to a safe position. There is evidence that the shooting occurred in a room where there were several young men; that defendant had been "jumped" and took a shot at someone. Under either version, there is substantial evidence of a negligent use of a weapon.

Convicted of involuntary manslaughter, defendant appeals. The involuntary manslaughter charged was a killing in the commission of an unlawful act not amounting to a felony. The "unlawful act" was the negligent use of a weapon. Defendant asserts the trial court erred in failing to instruct the jury "on the degree of negligence required." Defendant requested instructions on the degree of negligence he asserts is applicable in this case. The issue is whether a conviction of involuntary manslaughter by negligent use of a weapon requires negligence which is different or greater than ordinary negligence. We hold that ordinary negligence is sufficient.

Section 40A–2–3(B), N.M.S.A.1953 (2d Repl.Vol. 6) states:

"Involuntary manslaughter consists of manslaughter committed in the commission of an unlawful act not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner or without due caution and circumspection."

Under § 40A–2–3(B), supra, involuntary manslaughter may be committed by both unlawful acts and lawful acts. State v. Pruett, 27 N.M. 576, 203 P. 840, 21 A.L.R. 579 (1921); LaBarge v. Stewart, 84 N.M. 222, 501 P.2d 666 (Ct.App.1972).

A killing by lawful act, to be involuntary manslaughter, requires consideration of the manner of doing the lawful act. State v. Pruett, supra. Thus, consideration is required as to whether the lawful act was done in an unlawful manner or with-

out due caution and circumspection. The phrase " 'without due caution and circumspection' " has been held to involve the concept of "criminal negligence." State v. Sisneros, 42 N.M. 500, 82 P.2d 274 (1938). In turn, "criminal negligence" includes conduct which is reckless, wanton, or wilful. State v. Gilliam, 60 N.M. 129, 288 P.2d 675 (1955); State v. Sisneros, supra; State v. Harris, 41 N.M. 426, 70 P.2d 757 (1937).

It is conduct amounting to criminal negligence which defendant asserts is required in this case.

Section 40A–2–3(B), supra, does not incorporate such conduct into involuntary manslaughter by unlawful act. In distinguishing between unlawful and lawful acts, the statute applies the language, defined by the courts to mean criminal negligence, only to the lawful act portion of the statute. This distinction between unlawful and lawful acts is supported by 1 Wharton's Criminal Law and Procedure § 289 (1957). Wharton's Criminal Law and Procedure, supra, divides involuntary manslaughter into two types of killing—(1) in the commission of an unlawful act and (2) by culpable negligence in performing a lawful act. See State v. Pruett, supra.

We agree with defendant that the distinction stated in the preceding paragraph has been weakened in manslaughter cases involving automobiles. Although the opinion does not so state, a review of the Supreme Court record shows the concept of criminal negligence was applied in State v. Harris, supra, to a manslaughter charged to have been committed without due caution and circumspection. State v. Sisneros, supra, seems to limit the concept of criminal negligence to the count charging manslaughter in the commission of a lawful act.

However, State v. Clarkson, 58 N.M. 56, 265 P.2d 670 (1954) reversed an involuntary manslaughter conviction because of the absence of evidence of wanton or reckless operation of the motor vehicle. The *Clarkson* opinion does not identify the portion of the involuntary manslaughter statute involved. The Supreme Court record shows Clarkson was charged with both unlawful and lawful acts. State v. Hayes, 77 N.M. 225, 421 P.2d 439 (1966) reversed an involuntary manslaughter conviction because the evidence was insufficient to show reckless or wanton operation of the automobile. Although the opinion does not so state, *Hayes* relied on *Clarkson* to apply the criminal negligence concept to a charge of involuntary manslaughter by unlawful act.

Neither *Clarkson* nor *Hayes* discussed the distinction between unlawful and lawful acts; specifically, neither case discussed whether criminal negligence applies to that portion of our statute extending involuntary manslaughter to a killing by unlawful act. Accordingly, we do not consider either case to be applicable authority in this case. We add, however, that *Clarkson* and *Hayes* appear to reflect a general rule where the killing is by automobile. See the discussion in State v. Barnett, 218 S.C. 415, 63 S.E.2d 57 (1951). In the light of that general rule, compare our statute on homicide by vehicle, § 64–22–1, N.M.S.A. 1953 (2d Repl.Vol.9, pt. 2).

■ Our decision that § 40A–2–3(B), supra, does not include criminal negligence as an element of involuntary manslaughter by unlawful act does not completely answer defendant's contention. We must also consider the unlawful act that is involved. The unlawful act is a violation of § 40A–7–3(C), N.M.S.A.1953 (2d Repl.Vol. 6). That section defines negligent use of a weapon as:

"endangering the safety of another or his property by handling or using a firearm or other deadly weapon in a negligent manner."

Defendant asserts that "negligent" in § 40A–7–3(C), supra, means criminal negligence. The statute does not so state.

Prior statutes on the use of firearms did not use the word negligence. A comparison of such prior statutes with what is substantially § 40A–7–3(C), supra, may be found in Report of the Criminal Law Study Interim Committee 1961–62. The internal wording of § 40A–7–3, supra, suggests the Legislature intended only ordinary negligence. Paragraph A speaks of "knowingly" endangering a person or property by "unlawfully" discharging a firearm. Paragraph C, with which we are concerned, speaks of "negligent[ly]" endangering the safety of a person or property.

In addition to the different requirements within separate parts of § 40A–7–3, supra, we have the fact that "negligent" is not defined in the statute and there is nothing indicating other than its ordinary meaning was intended by the Legislature. Accordingly, "negligent" is to be given its ordinary meaning. State v. Orzen, 83 N.M. 458, 493 P.2d 768 (Ct.App.1972). "* * * Negligence is usually defined to be 'the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do.' * * *." Sandoval v. Territory, 8 N.M. 573, 45 P. 1125 (1896). This definition of negligence was applied in *Sandoval*, supra, in considering a charge of murder in the third degree, a charge which involved "culpable negligence."

We hold that "negligent" in § 40A–7–3(C), supra, has the meaning defined in Sandoval v. Territory, supra, and that the negligence in this case was doing what a prudent and reasonable man would not do. Since defendant's requested instructions would have defined negligence in terms of criminal negligence, rather than in terms of ordinary negligence, the trial court properly refused the requests.

Criminal negligence being neither an element of involuntary manslaughter by unlawful act under § 40A–2–3(B), supra, nor

the negligence which is a part of § 40A–7–3(C), supra, the judgment and sentence is affirmed.

It is so ordered.

HENDLEY. and LOPEZ, JJ., concur.