**Gregorio BURGOS, Plaintiff,**

v.

**UNITED STATES LINES, INC., Defendant.**

**No. 80 Civ. 1708 (MEL).**

United States District Court, S. D. New York.

Sept. 29, 1982.

Paul C. Matthews, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant; R. A. Hulten, New York City, of counsel.

LASKER, District Judge.

Gregorio Burgos alleges that, while serving as boatswain aboard the American Champion, a vessel owned by United States Lines, Inc., he slipped in hydraulic oil and injured himself. He bases his complaint on theories of negligence and unseaworthiness. After trial, the jury returned a verdict in favor of defendant on the issue of unseaworthiness, but was unable to reach a verdict on the issue of negligence.

■ In spite of this failure of the jury to reach a verdict as to negligence, defendant moves pursuant to Fed.R.Civ.Pr. 50(b) for judgment notwithstanding the verdict. It argues that a jury could not rationally make a finding of negligence in view of the finding that the vessel was not unseaworthy.[1] Plaintiff also moves pursuant to Rule 50(b) to set aside the jury's finding on unseaworthiness, on the grounds that his counsel's discussions with the jurors "revealed that they had failed to comprehend the Court's charge on unseaworthiness." (Affidavit of Paul C. Matthews at 2).

■ Plaintiff's argument is without merit: a jury verdict will not be disturbed on the basis of counsel's conversations with jurors. *See* Federal Rule of Evidence 606(b).

Defendant's contention is more substantial. A similar question was considered by the Second Circuit in *Spano v. N.V. Koninklijke Rotterdamsche Lloyd,* 472 F.2d 33 (2d Cir. 1973). In *Spano,* the jury found in

---

**1.** Rule 50(b) provides that "if a verdict was not returned, such party [who has moved for a directed verdict at the close of all the evidence] may move for judgment in accordance with his motion for a directed verdict." Accordingly, although defendant has moved for judgment n. o. v., the instant motion is more aptly deemed a motion for directed verdict.

favor of the defendant on both the negligence and the unseaworthiness claims. The plaintiff on appeal urged that the jury instructions on negligence were erroneous. The court held that it was unnecessary to reach the question as to the negligence instruction in view of the jury's finding for the defendant on unseaworthiness:

"In the light of the jury's finding, by special verdict, that there was nothing in the condition of the ship which could render the owner liable, it is clear that the jury never needed to reach the question of whether or not the owner failed in a duty to warn or correct.... It is hard to imagine, especially on the facts of this case, how an owner could be negligent, if the ship was not unseaworthy."

*Id.* at 35 & n.1.

The facts of the *Spano* case are quite similar to those of the case at bar. In *Spano,* the plaintiff allegedly tripped over a wire which was not in its proper place. In the instant action, plaintiff claims to have slipped on hydraulic fluid which had been spilled on the deck. As in *Spano,* if the allegedly dangerous condition, the wire or the oil, was not found to render the vessel unfit for use by the plaintiff, it is difficult to see how the owner could be found liable for failing to correct it or warn the plaintiff of it.

Nevertheless, plaintiff is correct in arguing that courts have also held that jury findings of seaworthiness and negligence are not necessarily inconsistent. For example, in *Henry v. A/S Ocean,* 512 F.2d 401 (2d Cir. 1975), the court affirmed a jury verdict of negligence, despite the fact that the jury had found that the vessel was not unseaworthy. However, in *Henry,* the trial court had given a restrictive definition of unseaworthiness, instructing the jury that it could find unseaworthiness only if it found that the vessel's equipment had been defective. *Id.* at 405. Similarly, in *Malm v. United States Lines Co.,* 269 F.Supp. 731 (S.D.N.Y.) (Weinfeld, J.) *aff'd* 378 F.2d 941 (2d Cir. 1967) (aff'd on the basis of the district court's opinion), the court ruled that it was not inconsistent for a jury to have

found that an open hatch, which had been kept open for the purpose of unloading its contents, did not create an unseaworthy condition, and yet to have found that it was negligent for the first mate not to have warned the plaintiff that it was open.

The facts at hand are closer to those of *Spano* than to either *Henry* or *Malm.* Unlike *Henry,* our instruction on unseaworthiness was not limited to defective equipment. Rather, the jury was instructed that:

"there is imposed on the owner of a vessel the duty to supply its crew members a seaworthy vessel, that is, ... a vessel that is reasonably fit for its intended use. The shipowner's obligation to supply a seaworthy vessel extends to every part of the ship. In essence it requires that everything about a ship ... must be reasonably adequate and safe for the purpose or use for which it is employed or intended."

(Transcript of Charge at 5).

Moreover, unlike the open hatch in *Malm,* there is nothing about the alleged presence of hydraulic oil on the deck which could make the deck "reasonably adequate and safe" and yet constitute a basis for finding that the owner failed to "exercise reasonable care to provide a reasonably safe place in which to work," which, as the court instructed, is the definition of negligence. (Transcript of charge at 9).

Furthermore, there is a distinction between the task of determining whether to accept apparently contradictory jury findings and the task presented here, which is to determine whether, in view of the jury's findings as to one portion of the case, a trial should be held on the remaining issues, or whether a directed verdict is appropriate as to them. "[T]he general rule [is] that a court should reconcile the jury's verdict if at all possible." *Henry, supra* at 406. By contrast, a directed verdict is appropriate when "there are no controverted issues of fact upon which reasonable men could differ." 5A Moore's Federal Practice ¶ 50.02 at 50–20 (1982 ed.).

Were this case to be retried, the jury would be bound by the finding that the vessel was not proven to be unseaworthy. For the reasons stated above, no reasonable jury, in the circumstances of this case, could find that the vessel had been negligent in failing to provide a reasonably safe place to work.

The defendant's motion for a directed verdict is granted. Plaintiff's motion to set aside the jury's finding is denied.

It is so ordered.