683 P.2d 45
**STATE of New Mexico,
Petitioner-Appellee,**

v.

**Jane DOE, Respondent-Appellant.**

No. 5774.

Court of Appeals of New Mexico.

April 24, 1983.

Certiorari Denied June 1, 1984.

364

Paul Bardacke, Atty. Gen., Ida M. Lujan, Deputy Atty. Gen., Santa Fe, for petitioner-appellee.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for respondent-appellant.

## OPINION

MINZNER, Judge.

The respondent appeals the trial court's denial of her motion for a new trial. This court reversed the adjudication of delinquency on the ground the trial court failed to give the jury instruction for general criminal intent. The supreme court reversed that decision and remanded the case to us for consideration of other issues raised in the appeal. *See State v. Doe*, 100 N.M. 481, 672 P.2d 654 (1983).

■ Issues raised in the docketing statement but not briefed by the defendant on appeal are deemed abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). The remaining issues concern (1) respondent's claim that prejudicial extraneous information reached the jury and (2) her claim of error in the jury instructions. We reverse the trial court and remand for further proceedings on the first issue. We affirm the trial court with respect to the second issue.

### 1. *Improper Juror Communication.*

In preparation for a hearing on his motion for a new trial, respondent's counsel contacted several jurors. On Wednesday, April 21, 1982, in response to juror complaints, the district attorney's office moved ex parte for an order prohibiting respondent's counsel from harassing, intimidating, threatening, or annoying members of the jury, and the trial court ordered him not to contact members of the jury. The order was to remain in effect until April 26, 1982.

At a hearing on Friday, April 23, 1982, the trial court dissolved the protective order. At that hearing, respondent's counsel informed those present that he had subpoenaed several jurors to appear on April 30 at the motions hearing. At that time the State requested, on behalf of one juror, that his examination take place in chambers. The court postponed ruling on the request.

On Friday, April 30, 1982, after one day's notice to respondent's counsel, a hearing was held on the State's motion to quash the subpoenas. The motion was granted.

Three days later, on Monday, May 3, 1982, the trial court heard the motion for a new trial. The court denied the motion for lack of prejudice. A request that the jurors be required to appear for a further hearing on improper communication was effectively denied.

In his argument for a new trial, respondent's counsel claimed that a story of witness intimidation, not part of the evidence in the case, had reached the jury. Based on telephone conversations with the jury foreman and three other jurors after the verdict was rendered, counsel advised the court that the information reached one juror during a recess and that juror subsequently disclosed it to the jury during deliberation. The story concerned a witness who had identified the child in court only after an initial hesitation. Respondent's counsel suggested that the story may have originated in an Albuquerque Journal article which appeared prior to the verdict. Counsel also advised the court that the juror refused to disclose the name of her informant.

■ The court's ruling quashing the subpoenas and its decision to deny a new trial were based upon an erroneous application of the long-standing rule that affidavits and testimony of jurors, presented after the jury has been discharged, cannot be considered for purposes of impeaching the jury verdict. That rule must be considered in connection with NMSA 1978, Evid.Rule 606(b) (Repl.Pamp.1983), which was amended in 1976 to conform to the federal rule. *Duran v. Lovato*, 99 N.M. 242, 656 P.2d 905 (Ct.App.1982), *cert. denied*, 99 N.M. 226, 656 P.2d 889 (1983). At the present time, a juror may testify that "extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." Rule 606(b). *See also State v. Perea*, 95 N.M. 777, 626 P.2d 851 (Ct.App.1981).

The party seeking a new trial on the basis that extraneous evidence reached the jury must make a preliminary showing that movant has competent evidence that material extraneous to the trial actually reached the jury. *See* C. Mueller, *Jurors' Impeachment of Verdicts and Indictments in Federal Court Under Rule 606(b)*, 57 Neb.L.Rev. 920, 960 (1978). If the party makes such a showing, and if there is a reasonable possibility the material prejudiced the defendant, the trial court should grant a new trial. *United States v. Castello*, 526 F.Supp. 847 (W.D.Tex.1981); *Duran v. Lovato.* The trial court has a duty to inquire into the possibility of prejudice. *Durr v. Cook*, 589 F.2d 891 (5th Cir.1979). In an appropriate case, the trial court should conduct an evidentiary hearing. *State v. Barela*, 91 N.M. 634, 578 P.2d 335 (Ct.App.), *cert. denied*, 91 N.M. 610, 577 P.2d 1256 (1978). *See also United States v. Bassler*, 651 F.2d 600 (8th Cir. 1981); *State v. Perea.*

Under the facts of this case, the trial court erred in denying the request for an evidentiary hearing on the issue of improper communication. Counsel's allegations were based on statements to counsel by jurors that extraneous material had reached them. The court found that counsel had not acted improperly in approaching the jury. Counsel's allegations did not concern the jurors' mental processes and emotions, about which the judge may not inquire under Rule 606(b). *Cf. Burgos v. United States Lines, Inc.*, 547 F.Supp. 830 (S.D.N.Y.1982) (jury verdict will not be disturbed on basis of counsel's conversations with jurors that revealed they had not understood the judge's instructions).

Under the facts of this case, the trial court's decision to quash counsel's subpoenas precluded him from showing what he alleged had occurred. If his allegations are substantiated, however, there was an unauthorized communication with a juror. Such communications, which must be judged under federal requirements of due process, are presumptively prejudicial. *State v. Gutierrez*, 78 N.M. 529, 433 P.2d

508 (Ct.App.1967). The trial court had a duty to investigate the issue. *Id.*

The Rule does not distinguish affidavit testimony and testimony given in court. The trial court may put questions to jurors, within the ambit of the jurors' competence under Rule 606, or may receive affidavits. *See Llewellyn v. Stynchcombe*, 609 F.2d 194 (5th Cir.1980). A subpoena may be necessary for a reluctant witness. We hold that Rule 606(b) does not preclude testimony by jurors subject to subpoena.

The State has argued that NMSA 1978, Crim.P.Rule 44(f) (Repl.Pamp.1980) precludes respondent's argument because it was not raised before the jury verdict was rendered. This argument has no merit. The rule applies only to irregularities of which the parties have been made aware. Respondent's counsel was not aware of the issues raised until after the jury was discharged. Thus, whether or not the rule applies to the facts of this case, the exception would permit respondent to raise her argument.

Under the circumstances, we remand this case to the trial court for further findings on the issue of improper jury communication. The trial court must determine first whether extraneous information reached the jury. Then the trial court must determine whether the extraneous information prejudiced the jury. The motion for a new trial should be granted if the court finds that wrongful activity occurred and that such activity prejudiced respondent. *State v. Gutierrez. See also United States v. Renteria*, 625 F.2d 1279 (5th Cir.1980).

If the court determines that extraneous information reached the jury, the court must inquire into prejudice. *State v. Gutierrez.* Relevant inquiries include how the material was received, how long it was available to the jury, the extent to which the jury discussed the material, whether they considered it before they reached a verdict or after, and, if before, at what point in the deliberations they received the material. *United States v. Castello.* The strength of the State's case has a bearing

on the issue of prejudice. *United States v. Bassler.*

Rule 606(b) permits jury testimony about extraneous influences but not testimony as to "the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith * * * *'" The court must determine prejudice without inquiring into areas outside the jurors' competence under the Rule. *United States v. Castello. See also Spain v. Rushen,* 543 F.Supp. 757 (N.D.Cal.1982), *aff'd,* 701 F.2d 186 (9th Cir.1983).

 *Duran v. Lovato* states that the burden of proving prejudice is on the objecting party. *Duran* is not applicable to cases of improper communication. In improper communication cases our courts have adopted a "presumption of prejudice" test. *State v. Beal,* 48 N.M. 84, 146 P.2d 175 (1944). Cases since then have consistently applied the test. *Budagher v. Amrep Corp.,* 100 N.M. 167, 667 P.2d 972 (Ct.App.1983). In *Budagher,* this court summarized the cases and concluded that when there has been an improper communication, the party adversely affected benefits from a "presumption of prejudice," which the opposing party must rebut. The presumption is not irrebuttable. *State v. Ho'o,* 99 N.M. 140, 654 P.2d 1040 (Ct.App.), *cert. denied,* 99 N.M. 148, 655 P.2d 160 (1982). If the court finds an improper communication occurred, the State must rebut the presumption. *Id. See also State v. Gutierrez.*

 Respondent argues that the proper remedy is not a remand. Citing *United States v. Freeman,* 634 F.2d 1267 (10th Cir.1980), she argues that too much time has passed to hold an adequate hearing and that a new trial should be granted. We disagree.

In *United States v. Freeman,* the record included evidence of an improper jury contact with a government witness, initiated by the trial court, and the appellate court ruled that such facts required the extreme measure of a new trial. A remand for further findings is appropriate in this case.

## 2. *Confusing Jury Instructions.*

Respondent argues that the instructions given for second degree murder and for involuntary manslaughter were confusing and misleading. The State argues that she waived any error because counsel did not object to the instructions until arguing her motion for a new trial.

 In this case, the jury indicated difficulty with the instructions by sending a note to the trial court judge during the trial. The note requested that "a more specific definition of each term be provided." The note explained that the "panel does not feel that the instructions clearly define the difference between second degree murder and involuntary manslaughter." At that point, respondent's counsel agreed that no further definition should be given. We hold that this act amounted to a waiver of any error in the instructions. *State v. McCrary,* 100 N.M. 671, 675 P.2d 120 (1984); *State v. Najar,* 94 N.M. 193, 608 P.2d 169 (Ct.App.1980).

Respondent has argued that, even if the error was waived, we should reach the issue of confusing jury instructions because the error was fundamental. Citing *State v. Buhr,* 82 N.M. 371, 482 P.2d 74 (Ct.App.1971), she argues that the instructions as a whole gave the jury a conflicting message, amounting to a denial of her due process right to a fair trial.

 Each instruction contained the essential elements of the crime charged. The trial court's instruction on second degree murder set forth the elements of the crime as defined in NMSA 1978, UJI Crim. 2.11 (Repl.Pamp.1982). The trial court's instruction on involuntary manslaughter similarly sets forth the elements of that crime as they are specified in NMSA 1978, UJI Crim. 2.31 (Repl.Pamp.1982). UJI 2.11 was upheld by the supreme court on a prior appeal. *State v. Doe,* 100 N.M. 481, 672 P.2d 654 (1983). UJI 2.31, although it does not parallel the language of NMSA 1978,

**368**

Section 30–2–3, contains the essential elements of the form of involuntary manslaughter at issue. *State v. Grubbs,* 85 N.M. 365, 512 P.2d 693 (Ct.App.1973). This court cannot set aside an instruction approved by the supreme court. *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.), *cert. denied,* 90 N.M. 637, 567 P.2d 487 (1977).

 Since both instructions contained the essential elements of the crimes charged, any fundamental error must be found in the combined instructions. The two instructions evidence a close relationship under existing statutes between the elements of one form of second degree murder and that form of involuntary manslaughter involving criminal negligence. In combination the two instructions further blur the distinction between the two crimes. Fundamental error, however, is rarely applied. *State v. DeSantos,* 89 N.M. 458, 553 P.2d 1265 (1976).

Confusing jury instructions represent fundamental error if the jury verdict becomes uncertain or meaningless. *State v. DeSantos; State v. Buhr.* Because each instruction contained the essential elements, we cannot find the jury's verdict of second degree murder uncertain or meaningless.

We affirm the trial court's decision that there was no error in the instructions. We reverse the trial court on the issue of improper communication with the jury and remand for further proceedings. If, on remand, the trial court determines no improper communication occurred or, if it occurred, that there is no reasonable possibility of prejudice to respondent, the denial of the motion for a new trial is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and HENDLEY, J., concur.