736 P.2d 491

STATE of New Mexico,
Plaintiff-Appellee,

v.

Herman Jerry SENA,
Defendant-Appellant.

No. 16072.

Supreme Court of New Mexico.

April 23, 1987.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Winston Roberts-Hohl, Santa Fe, trial counsel.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Defendant was convicted of first degree murder, aggravated burglary, and tampering with evidence. He moved for a new trial based on newly discovered evidence—a key prosecution witness recanted subsequent to trial. The trial court denied the motion; defendant appealed. We affirm.

The State relied on the testimony of Elva Martinez (Martinez) and Chris Sena to link defendant to the murder of Ignacita Escudero. Other circumstantial evidence linked defendant to the murder, but there was no direct evidence implicating defendant. Martinez and Chris Sena testified that defendant confessed to them that he mur-

dered Escudero. The State theorized that details of the crime given by Martinez and Chris Sena could only have been known to the killer. The descriptions of the crime given by Martinez and Chris Sena were very similar. After trial, Martinez recanted and testified that she committed perjury in her trial testimony and that defendant never confessed to her. Martinez said she fabricated the confession story in order to get revenge against defendant.

Defendant contends that the trial court erred in denying the motion for new trial. Defendant also contends that the trial court erred in failing to inquire into alleged juror misconduct. A third contention, concerning prosecutorial misconduct, was not preserved for review.

This case presents two issues:
(1) Did the trial court err in denying defendant's motion for new trial based on newly discovered evidence?
(2) Did the trial court err in refusing to inquire into alleged juror misconduct?

**ISSUE (1):**

■ In order to warrant a new trial, newly discovered evidence must satisfy the following conditions: (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since trial; (3) it could not have been discovered before trial by exercise of due diligence; (4) it must be material; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory. *State v. Volpato*, 102 N.M. 383, 384–85, 696 P.2d 471, 472–473 (1985). In this case, only the existence of the first condition is at issue.

■ Motions for new trial based on newly discovered evidence rest in the sound discretion of the trial court. *Id.* at 385, 696 P.2d at 473. When newly discovered evidence concerns the recantation of a prosecution witness, the following factors indicate that a new trial should be granted: (1) the original verdict was based upon uncorroborated testimony; (2) the recantation occurred under circumstances free from suspicion of undue influence or pressure from any source; (3) the record fails to disclose any possibility of collusion between the de-

fendant and the witness between the time of the trial and the retraction; and (4) the witness admitted her perjury on the witness stand and thereby subjected herself to prosecution. *State v. Fuentes*, 67 N.M. 31, 33, 351 P.2d 209, 210 (1960).

■ In this case, not only was Martinez's testimony corroborated by Chris Sena's testimony and circumstantial evidence, but Martinez's recantation did not occur under circumstances free from suspicion of undue influence. There was considerable evidence that defendant's family intimidated Martinez with threats and acts of physical violence and thereby coerced her recantation. Under these circumstances, we hold that the trial court did not abuse its discretion in denying the motion for a new trial.

**ISSUE (2):**

■ Defendant complained of two instances of alleged juror misconduct and introduced affidavits in support of his complaints. According to the affidavit of another juror, juror Stone stated during deliberations that "he knew the defendant was guilty, but that he could not base his conviction on anything he heard in the courtroom." According to the affidavit of defendant's sister, she observed a female juror sleeping during trial. Relying upon SCRA 1986, 11–606(B), the trial judge refused to hear evidence of juror misconduct.

Rule 606(B) states in part:
Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

In *State v. Doe,* 101 N.M. 363, 366, 683 P.2d 45, 48 (Ct.App.1983), *cert. denied,* 101 N.M. 276, 681 P.2d 61 (1984), the Court of Appeals stated:

> The party seeking a new trial on the basis that extraneous evidence reached the jury must make a preliminary showing that movant has competent evidence that material extraneous to the trial actually reached the jury. If the party makes such a showing, and if there is a reasonable possibility the material prejudiced the defendant, the trial court should grant a new trial. The trial court has a duty to inquire into the possibility of prejudice. In an appropriate case, the trial court should conduct an evidentiary hearing.

(Citations omitted.) Defendant failed to show that he had competent evidence that extraneous material reached the jury. Defendant produced nothing more than ·the statement of juror Stone quoted above.

That statement alone does not indicate that extraneous material reached the jury. Therefore, the trial court did not err in refusing to inquire further into juror Stone's remark. Likewise, the trial court did not err in refusing to inquire further into the alleged inattentiveness of a juror. The allegation of inattentiveness is vague and uncorroborated.

We affirm defendant's conviction.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.