**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                                  No. 28,805

**ADALY MORENO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Chief Judge.**

Defendant appeals from the district court's judgment convicting her of criminal sexual penetration in the second degree and conspiracy to commit criminal sexual penetration in the second degree. [RP 123] This Court's notice proposed summary

affirmance. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments, and we affirm.

Defendant continues to argue that the district court abused its discretion in refusing to grant her a new trial on the basis that she was denied her constitutional right to a fair and impartial trial. [MIO 3] This Court proposed to conclude that Defendant failed to meet her burden of presenting evidence to show that any extraneous information was actually communicated to the jury. Defendant concedes that no evidence was introduced during the motion for new trial regarding the content of the juror's phone conversation or whether other jurors were exposed to extraneous information. [MIO 6] Nevertheless, Defendant asserts pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that she demonstrated by competent evidence that extraneous information relevant to her case could have potentially reached the jury, and therefore she is entitled to a new trial or remand for an evidentiary hearing. [MIO 6] However, under *State v. Sena*, 105 N.M. 686, 688, 736 P.2d 491, 493 (1987), the mere chance that the extraneous information might have reached the jury is insufficient. Defendant was required to show that the extraneous information actually reached the jury. *Id.*

Defendant further submits, pursuant to *Franklin* and *Boyer*, that the district court abused its discretion in refusing to order, rather than recommend, further mental health treatment while incarcerated. [MIO 6] *See Franklin,* 78 N.M. at 129, 428 P.2d at 984; *Boyer,* 103 N.M. at 658-60, 712 P.2d at 4-6. Defendant argues that the diagnostic report itself established that further assessment, evaluation and treatment was warranted, and therefore, the district court clearly abused its discretion in merely recommending and not ordering treatment. [MIO 7] It appears from the record that Defendant sought further evaluation by a physician from LC Behavioral Medicine. [RP 121] The district court has broad discretion in determining whether to order a second diagnostic evaluation. *See State v. Mireles*, 2004-NMCA-100, ¶ 41, 136 N.M. 337, 98 P.3d 727. Based on the results of the first diagnostic evaluation ordered by the district court [RP 103], the judgment appropriately recommended further mental health treatment for Defendant while incarcerated. [RP 125] Defendant cannot demonstrate what a second diagnostic evaluation would have accomplished. Consequently, we hold that Defendant failed to meet her burden of demonstrating an abuse of discretion. *See State v. Greene*, 92 N.M. 347, 349, 588 P.2d 548, 550 (1978) ("Judicial discretion is abused if the action taken by the trial court is arbitrary or

capricious. Such abuse of discretion will not be presumed; it must be affirmatively established." (citations omitted)).

For these reasons, and those stated in the notice of proposed disposition, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

4