This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                            **No. A-1-CA-36095**

**JAMEY HEAD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals his conviction for aggravated battery. Our notice proposed to affirm, and Defendant filed a memorandum in opposition and motion to amend the

docketing statement. We deny Defendant's motion to amend and remain unpersuaded by Defendant's arguments. We therefore affirm.

{2} As an initial matter, we note that the memorandum in opposition's designation of the issues does not correlate with the designation of the issues as provided in the docketing statement and notice. For consistency, we continue to designate the issues as provided in the docketing statement and notice, and request that counsel maintain consistency in any future pleadings he may file in this Court.

{3} **Issues 1 and 2:** Defendant withdraws his challenge to the sufficiency of the evidence and the denial of his motion for a directed verdict. [MIO 1]

{4} **Issue 3:** In his docketing statement, Defendant asserted that the district court erred in denying his motion for a mistrial. [DS 4] He claimed that, after the defense rested and while the prosecutor was making his rebuttal closing argument, one of the defense witnesses made an obscene gesture to the prosecutor in the presence of the jury. [DS 4] Two weeks later, during the sentencing hearing, defense counsel made an oral motion for a mistrial due to the obscene gesture. [Id.] The judge denied the motion for mistrial. [Id.]

{5} We proposed to conclude that Defendant had not provided this Court with sufficient facts or otherwise developed his argument for this Court to meaningfully analyze this issue. [CN 7-8] *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d

701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Because Defendant had not demonstrated error on appeal, we also presumed the district court correctly denied the motion for a mistrial. [CN 8] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate courts presume that the district court is correct and the burden is on the appellant to clearly demonstrate that the lower court erred).

**{6}** In response, Defendant contends that trial counsel essentially moved for a new trial under Rule 5-614 NMRA, because the jury was exposed to extraneous information. [MIO 8-9] In *State v. Doe*, 1984-NMCA-045, ¶ 9, 101 N.M. 363, 683 P.2d 45, we stated:

> The party seeking a new trial on the basis that extraneous evidence reached the jury must make a preliminary showing that movant has competent evidence that material extraneous to the trial actually reached the jury. If the party makes such a showing, and if there is a reasonable possibility the material prejudiced the defendant, the trial court should grant a new trial. The trial court has a duty to inquire into the possibility

of prejudice. In an appropriate case, the trial court should conduct an evidentiary hearing.

(citations omitted).

{7} While Defendant claims that the bailiff witnessed the gesture, Defendant fails to describe the gesture or show that he had competent evidence that the jury observed the gesture. [MIO 6, 9] We note that, on the one hand, Defendant asserts that "[t]he jury witnessed the obscene gesture" [MIO 9]; however, on the other hand, Defendant claims that he received ineffective assistance of counsel because trial counsel "fail[ed] to investigate whether any jurors saw the gesture, and what impact it had on their deliberations if they did" [MIO 7]. Based on the information before this Court, we cannot say that the district court erred in refusing to inquire whether the alleged obscene gesture tainted the jury. *See id.* Accordingly, we conclude that the district court did not abuse its discretion in denying Defendant's motion for a new trial. *See State v. Huber*, 2006-NMCA-087, ¶ 27, 140 N.M. 147, 140 P.3d 1096 ("We will not disturb the trial court's denial of a motion for a new trial unless the ruling is arbitrary, capricious or beyond reason." (internal quotation marks and citation omitted)).

{8} **Issue 4:** In his docketing statement, Defendant asserted that his trial counsel provided ineffective assistance of counsel because trial counsel failed to ascertain from the district court and/or the court staff what obscene gesture a defense witness made to the prosecutor, in view of the jury, while the trial was still being held. [DS 4-

5] We proposed to conclude that Defendant failed to establish ineffective assistance of counsel. [CN 8-10] *See Aragon*, 1999-NMCA-060, ¶ 10; *see also Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

{9}     In response, Defendant consolidates Issues 3 and 4; notes this Court's proposal to affirm Issue 3 based on trial counsel's failure to provide sufficient facts to analyze whether the district court erred; notes this Court's proposal to affirm Issue 4 based on trial counsel's failure to make a prima facie showing of ineffective assistance of counsel; and argues that "the district court had a duty to inquire into whether [the witness's] gesture tainted the jury." [MIO 7-8] However, Defendant provides no argument to support a successful claim of ineffective assistance of counsel. [*See generally* MIO 7-9] *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 ("For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice."); *see id.* ("Trial counsel is generally presumed to have provided adequate assistance."). We therefore conclude Defendant has not demonstrated error.

{10}     **Motion to Amend:** Defendant seeks to amend his docketing statement to argue jury instruction issues that he acknowledges were not preserved. [MIO 10] *See* Rule 5-608(D) NMRA (stating that to preserve an error for "failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed"); *State v.*

*Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 ("Generally, to preserve error on a trial court's refusal to give a tendered instruction, the [a]ppellant must tender a legally correct statement of the law."); *State v. Lara*, 1990-NMCA-075, ¶¶ 28-30, 110 N.M. 507, 797 P.2d 296 (stating that in order to premise error on a refused instruction, the defendant must have tendered a legally correct statement of the law). Nevertheless, he asserts that this Court should review the jury instruction issues for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (providing that if a jury instruction issue has not been preserved, this Court reviews for fundamental error); *see also State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (providing that when this Court reviews jury instructions for fundamental error, we will only reverse the jury verdict if doing so is "necessary to prevent a miscarriage of justice" (internal quotation marks and citation omitted)).

{11} Defendant claims that the district court committed fundamental error by failing to instruct the jury on self-defense and unlawfulness. [MIO 1-3, 9-12] *See State v. Sosa*, 1997-NMSC-032, ¶ 26, 123 N.M. 564, 943 P.2d 101 (holding that "where a defendant raises the defense of self-defense, unlawfulness becomes a necessary element of the crime charged"). According to Defendant, "[e]ven when trial counsel doesn't ask for self-defense instructions, the district court has an affirmative duty to

6

give them, even when the evidence to support such a claim is slight." [MIO 11] In support of this assertion, Defendant relies on *State v. Anderson*, 2016-NMCA-007, ¶ 10, 364 P.3d 306, which provides: "[w]here there is any evidence to establish a self-defense theory, it is the duty of the court to fully and clearly instruct the jury on all relevant aspects of self-defense." [*See* MIO 11] Also, as noted by Defendant, *Anderson*, 2016-NMCA-007, ¶ 10, cites to *State v. Heisler*, 1954-NMSC-032, ¶ 23, 58 N.M. 446, 272 P.2d 660, which provides: "where self-defense is involved in a criminal case and there is any evidence, although slight, to establish [self-defense], it is not only proper for the court, but its duty as well, to instruct the jury fully and clearly on all phases of the law on the issue that are warranted by the evidence[.]" [*See* MIO 11]

{12}     Notably, Defendant neglects to address the very next sentence in *Anderson*, stating "[t]he district court's conclusion that there was evidence to support the issuance of both the general self-defense instruction and the no-retreat instruction triggered the district court's duty to fully and clearly instruct the jury on both self-defense and no-retreat." 2016-NMCA-007, ¶ 10. Unlike the facts in the present case, the defendant in *Anderson* requested the omitted jury instruction at issue. *See id.* ¶ 5 ("During trial, [the d]efendant requested a self-defense instruction (UJI 14-5171 NMRA) and a stand-your-ground (or no-retreat) instruction (UJI 14-5190 NMRA).").

Although the district court agreed to give both a self-defense instruction and a stand-your-ground instruction, the district court did not give the latter instruction. *See id.* ¶¶ 5-6. Because counsel did not object to the absence of the stand-your-ground instruction, we reviewed whether the omission of the jury instruction was fundamental error. *See id.* ¶ 8.

**{13}** The facts in the present case are distinguishable from those in *Anderson*, and despite Defendant's arguments to the contrary, the district court did not have an affirmative duty to instruct the jury on self-defense in this case when the issue of self-defense had not been considered by the district court. Because we conclude this issue is not viable, we deny Defendant's motion to amend his docketing statement. *See State v. Moore*, 1989-NMCA-073, ¶¶ 44-45, 109 N.M. 119, 782 P.2d 91 (providing that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *see Moore*, 1989-NMCA-073, ¶ 42 ("By viable, we meant to describe an argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit.").

{14}     Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm Defendant's conviction for aggravated battery, and we deny Defendant's motion to amend his docketing statement.

{15}     **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**TIMOTHY L. GARCIA, Judge**

**STEPHEN G. FRENCH, Judge**